MARY ULLMEN, Plaintiff-Appellant, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION, Defendant-Appellee.

First District (3rd Division)  No. 77-1733

Opinion filed December 20, 1978.

Mitgant, Levine & Schwartz, of Chicago (J. Corey Qua and John B. Schwartz, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

This appeal raises the question of whether a denial by the Real Estate Examining Committee (the Committee) of the Illinois Department of Registration and Education (the Department) of plaintiff Mary Ullmen's request for a continuance of her hearing on the suspension of her real estate broker's license was an abuse of discretion meriting a new hearing. Her request was presented the day prior to her scheduled hearing. The reason for the request was that the sudden and serious illness of Ullmen's attorney's wife prevented the attorney from attending the hearing and representing his client or requesting the continuance at an earlier date.

The Department filed its complaint against the plaintiff on April 2, 1976. The complaint and notice of a hearing on it were served on her, along with the advice that she had a right to be represented by counsel. She requested a continuance until June 10, which was granted by the Department consistent with its policy to grant one continuance as a matter of course. Then, on June 9, the plaintiff telephoned the Department and requested another continuance; in addition, her attorney notified the Department of his need for a continuance. Both she and her attorney informed the Department that a continuance of the hearing scheduled for the next morning was being requested because of the unavoidable emergency situation involving the illness of the attorney's wife which would prevent him from attending the hearing. They received no answer from the Department or the Committee, however, apparently because the plaintiff's request was made too late in the day to be communicated to the Committee members in time for them to act that day or to keep them from assembling the next day.

The plaintiff renewed her request when she appeared at the hearing the next morning, but the Committee denied the request and allowed the Department to proceed with its case. The Committee explained to the plaintiff that she could purchase a transcript of the adverse witnesses' testimony, as well as request that the Department subpoena these witnesses again later, but at her expense and as defense witnesses. In response, the plaintiff, without counsel, remained at the hearing and listened to the Department's presentation; she asked no questions and made no statements. After the Department finished the examination of its witnesses, the Committee agreed to a continuance so that the plaintiff could present her own case.

The Department points out in its brief to this court that the Committee considered the following factors in denying the continuance: the Committee members are not paid staff members of the Department but rather members of the real estate profession and the public who preside at hearings at their own expense and time. Thus, that the

Committee members already had assembled for the hearing when the request for a continuance was received was a factor in their determination to deny the request. Second, the witnesses who the Department intended to call were present in the hearing room. Third, the Department has limited manpower and physical and fiscal resources for monitoring the professions it is charged with the duty to regulate, and the granting of a continuance when the Department and the Department's attorney were ready to proceed with the hearing on June 10 would have interfered with the efficient operation of the regulatory system supervised by the Department.

On July 30 the Committee reconvened and at this hearing the plaintiff's attorney made prompt and proper objections to the June 10 hearing. His objections were overruled, and the hearing continued and was completed. Two months later, the Committee entered its findings of fact, and recommended to the Department's director that the plaintiff's license be suspended for 18 months. After the plaintiff's motion for a new hearing was denied, the plaintiff filed a complaint for administrative review in the circuit court. The circuit court affirmed the suspension of the license and this appeal followed.

Section 16(d) of the Real Estate Brokers and Salesmen License Act (the Act) provides that during a suspension or revocation hearing before the Committee, "both the accused person and the complainant shall be accorded ample opportunity to present in person *or by counsel* such *statements,* testimony, evidence *and argument* as may be pertinent to the charges or to any defense thereto." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 114½, par. 116(d).

■■ The Act clearly and explicitly states that the plaintiff was entitled to be represented by counsel at the hearing. The purpose of the statute is to give an accused in plaintiff's position ample opportunity through counsel to make relevant statements and argument before the Committee. Yet, in denying the motion for a continuance, the Committee in effect deprived an accused at a statutorily mandated proceeding of her guaranteed right to be represented by counsel—counsel who could cross-examine the Department's witnesses at the time they gave their direct testimony, instead of calling them later as his own witnesses, object to improper questions by the Department's counsel and make appropriate statements.

■■■ It is, of course, a tenet of administrative law that an administrative body has broad discretion in ruling on a motion for a continuance. However, broad discretion is not the equivalent of unbridled discretion. We sympathize with the inconvenience that was caused the Committee members and the witnesses who assembled on the day scheduled for the hearing because, apparently, the unavoidable emergency situation which

developed the preceding day did not allow sufficient time to notify the persons who were to attend the hearing. We also sympathize with the Committee's laudable goal of reaching a prompt and economical determination on the merits of the case, and we appreciate the inconvenience to which the Department's attorney would be put by continuing the hearing when he was prepared to proceed. However, none of these factors, which the Department contends motivated the Committee's decision, justified the denial of the continuance. A desire to dispose of a matter pending before an administrative body and to reach a speedy decision cannot be allowed to imperil the fundamental right an accused has to the effective assistance of counsel. While justice and speed are not mutually exclusive, if a judicial or quasijudicial body must choose between the two, it must pick the side of justice. (See *People v. Lott* (1977), 66 Ill. 2d 290, 297, 362 N.E.2d 312; *People v. Grigsby* (1977), 47 Ill. App. 3d 812, 820, 365 N.E.2d 481.) And, while a court or administrative body possesses broad discretion in deciding whether to allow a motion for a continuance, it has been said that this discretion must be exercised judiciously, not arbitrarily. (*Leathers v. Leathers* (1958), 13 Ill. 2d 348, 352, 148 N.E.2d 773.) A continuance required by the ends of justice should not be denied, and a refusal to grant such a continuance has been held to be an abuse of discretion warranting reversal. (*Brown v. Air Pollution Control Board* (1967), 37 Ill. 2d 450, 454-55, 227 N.E.2d 754.) In *Brown,* where the administrative body proceeded in the absence of counsel for the person accused of violating the Air Pollution Act, the court stated:

> "What must be characterized on the record before us as the arbitrary action of the Board in proceeding to hearing, served to deprive the appellant of his right to a full, fair hearing, including his rights to 'make oral argument, offer testimony or cross-examine witnesses in support of the complaint, or take any combination of such actions' specifically assured by section 9(c) of the Illinois Air Pollution Act." *Brown,* at 455.

The illness of an attorney has been held to be a valid reason for a continuance. (*Nowaczyk v. Welch* (1969), 106 Ill. App. 2d 453, 245 N.E.2d 894; See also *Kehrer v. Kehrer* (1960), 28 Ill. App. 2d 296, 171 N.E.2d 239.) This justification for a continuance logically extends to the illness of a member of the attorney's immediate family. (See *Ford v. Ford* (1942), 150 Fla. 717, 8 So. 2d 495, cited in *Nowaczyk,* at 456.) In this case, both the accused and her attorney represented to the Committee that the unexpected and significant illness of the attorney's wife prevented him from representing his client at the hearing. No charge has been made in the record that this claim was untrue or made in bad faith, or that the request could have been presented earlier. Under the circumstances of his

wife's sudden illness, it is understandable that plaintiff's attorney did not have time to prepare and submit an affidavit in support of his request. For instance, in *Kehrer,* the court, in concluding that a postponement should have been granted because plaintiff's attorney suddenly became ill at his home 45 miles from the courthouse, commented: "To say that an affidavit should have been filed at the time, under the conditions, is ridiculous." (*Kehrer,* at 300.) Under the circumstances in this case, despite the added expense and inconvenience rescheduling the hearing might have caused the Committee, witnesses and counsel for the Department, the reason for the continuance was legitimate; granting it was required to meet the ends of justice.

The Department asks this court to keep in mind that due process does not mandate a totally error-free trial. But under the facts of this case, the Department's suggestion does not justify the hearing which was held without counsel. The Department also asks this court to consider that while the plaintiff's counsel was not present, she was present, and this distinguishes *Brown* where neither counsel nor his client was present. However, the presence of the plaintiff without her attorney does not legitimize the improprieties that *Brown* indicates existed in the administrative proceeding, which is the subject of this appeal. The very fact that the plaintiff was placed in the position of being required to call the witnesses who testified at the initial hearing as her own witnesses at the reconvened hearing, instead of pursuing their cross-examination through her attorney, demonstrates one aspect of the prejudice she suffered by the denial of her request.

The Committee's refusal to grant a continuance in this case was an abuse of discretion which requires reversal and remand for a new administrative hearing. See *Reynolds v. Cochran* (1961), 365 U.S. 525, 5 L. Ed. 2d 754, 81 S. Ct. 723; *Brown; Leathers.*

Judgment reversed and remanded for further proceedings.

McNAMARA and JIGANTI, JJ., concur.