**John Cameron CRANK, D.D.S.**

v.

**The STATE of Texas, Appellee.**

No. 12–81–0069–CV.

Court of Appeals of Texas,
Tyler.

April 14, 1983.

Rehearing Denied May 12, 1983.

Lawrence T. Newman, Nathan, Nathan & Newman Co., Houston, for appellant.

Mark White, Atty. Gen., Robert W. Gauss, Asst. Atty. Gen., Austin, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a judgment of the trial court affirming an order of the Texas State Board of Dental Examiners revoking the license of appellant John Cameron Crank, D.D.S., to practice dentistry. Such order was appealed by Crank to the District Court where the court found that the Board's order had reasonable support in substantial evidence and entered a judgment affirming the Board's order.

We reverse and remand.

Appellant Crank was licensed to practice dentistry in the State of Texas. He was accused of writing prescriptions for dilaudid, a controlled and highly addictive substance, to persons who were not, and never had been his dental patients. Two docketed complaints were brought against Crank and after several postponements, two of which were at his request, the Board met in San Antonio on May 9, 1980, and held a hearing on such complaints. Prior to the hearing on May 9, 1980, Crank was represented by legal counsel. The hearing before the Board convened at 9:00 a.m., as scheduled on that date, and neither Crank nor his attorney was present, but shortly thereafter both appeared. Crank announced to the Board that he was changing lawyers and requested a postponement of the hearing so that his newly hired counsel could adequately prepare to represent him. The Board allowed Crank's original attorney to withdraw but declined to grant a continuance and proceeded with the scheduled hearing with Crank present but without benefit of counsel.

Appellee proceeded to offer testimony at the hearing. Crank was advised by appellee's attorney that any statement he made could be held against him in a criminal proceeding. The record reveals that Crank complained that he was not being adequately represented at the hearing. Several prescriptions for dilaudid purportedly made by Crank were offered into evidence and accepted by the Board. Crank replied that he had not written all of the prescriptions and

that some were forged. Appellee's counsel argued that this would go to the weight of the evidence and the claim of forgeries should not disallow their admission. At the conclusion of appellee's evidence Crank, stated he had nothing to add to his previous statement. The Board then unanimously voted Crank guilty and revoked his license.

Thereafter Crank with the newly hired counsel filed suit alleging that the order of the Board of Dental Examiners should be set aside and the cause remanded to the Board for a new hearing because of a denial of due process. The trial court originally granted a temporary restraining order followed by a temporary injunction enjoining the Board from enforcing its order preventing Crank from practicing dentistry. Upon final hearing of the appeal, the trial court held that there was substantial evidence to support the order of the Board, vacated the temporary injunction, denied a permanent injunction and remand of the cause for a new hearing, and rendered judgment for the Board affirming its order revoking Crank's license to practice dentistry.

Crank brings this appeal on five points of error: (1) the Board's denial of time for appellant to obtain counsel was a denial of appellant's right to respond, present evidence and argument on all issues involved, (2) the Board's denial of time for appellant to obtain counsel was a violation of appellant's constitutional right of due process; (3) the Board's denial of time for appellant to obtain counsel was an abuse of discretion; (4) the Board violated its own rules by holding the hearing in San Antonio; (5) the Board illegally communicated with one member without notice to appellant of said communication.

Crank's first three points all deal with the Board's permitting Crank's attorney of record to withdraw at the hearing and then refusing to grant Crank time for his new counsel to prepare to represent him before the Board. These three points, all dealing with Crank's due process rights, will be considered together.

The record reflects that Crank had been represented by Gerald Holtzman for several months prior to the hearing. On May 7, 1980, there was a telephone conversation between Crank's counsel Mr. Holtzman and Robert Gauss, an Assistant Attorney General representing the Board. The record does not show any discussion relative to Holtzman's intent not to represent Crank at the scheduled hearing. On May 8, 1980, the day before the hearing, counsel for the Board was contacted by Martin Nathan who said that he had been retained by Crank to represent him in the place of Holtzman who no longer represented him. At the hearing on May 9, 1980, Crank stated that although Holtzman was a fine attorney, he was requesting that Holtzman withdraw as his counsel because of "philosophical differences." The record reflects that Holtzman stated that it was Crank's election that he withdraw, not Holtzman's. Crank further requested that Mr. Nathan be substituted as his attorney, stating, "Mr. Nathan has agreed to enter this case *only* if he is allowed sufficient time to acquaint himself with the facts and to prepare himself for the case." Crank at that time asked for a continuance.[1] After some discussion, the Board permitted the withdrawal of Holtzman and denied Crank a continuance to obtain the services and representation of Nathan as his new counsel.

We are mindful that the granting or refusal of a motion for continuance is a matter within wide discretion of the court or administrative authority. The exercise of that discretion is, however, subject to review. Crank cites *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) for the well-settled position that "it is vain to give the accused a day in court, with no

---

1. When Crank requested a continuance he further stated, "I would like to remind the Board, and everyone involved, that on March 1st of this year, there was a hearing set in this matter in Houston, Texas. At that time, Mr. Holtzman and I appeared ready to answer any and all charges. The Board postponed the hearing. We went along without protest. I think it is fair and in the interest of justice that a continuation in the matter be issued from this date."

opportunity to prepare for it, or to guarantee him counsel without giving the latter any opportunity to acquaint himself with the facts or law of the case." A fundamental element of due process is adequate and reasonable notice appropriate to the nature of the hearing. Such notice involves a reasonable time for preparation. It is evident from the record that Crank's original counsel had time to prepare for the hearing but the newly retained attorney was afforded no time to acquaint himself with the case and prepare to represent him before the Board. Every litigant is entitled to be represented by counsel of his own selection, and this is a valuable right and an unwarranted denial of it is fundamental error. It has been held that where the complaining party's attorney withdraws from the case, a continuance should be allowed for a reasonable time to allow the party to employ other counsel *and* to enable the new counsel to investigate the case and adequately prepare for trial or hearing. *See generally, Lowe v. City of Arlington,* 453 S.W.2d 379 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n.r.e.); *Leija v. Concha,* 39 S.W.2d 948 (Tex.Civ. App.—El Paso 1931, no writ); *Illinois Bankers Life Association v. Theodore,* 47 Ariz. 314, 55 P.2d 806 (1936).

Crank cites *Thompson v. Texas St. Bd. of Med. Examiners,* 570 S.W.2d 123 (Tex.Civ. App.—Tyler 1978, writ ref'd n.r.e.), where the appellant alleged that the Medical Board abused its discretion in failing to grant a continuance in the· administrative proceeding due to counsel's inability to prepare for such a proceeding on short notice. A careful review of *Thompson* reveals that an appeal of the Board's order to the district court proceeded under the substantial evidence rule as in the instant case. On appeal to the district court an order is presumed to be valid and the burden is upon the one appealing from the order to show that the order appealed from is not reasonably supported by substantial evidence existing at the time of the entry of the order. *Thompson, supra* at 130; *Gibraltar Savings & Loan Association v. Falkner,* 371 S.W.2d 548, 549 (Tex.1963). In *Thompson,* the appellate court held that there was reasonable

support by substantial evidence to uphold the Board's order, that the Board did not abuse its discretion in its refusal to grant a motion for continuance, and found no deprivation of due process of appellant's rights in that case. The proceedings of an administrative agency must meet the requirements of due process of law and the rules applicable to administrative agencies are subject to the general legal principles regulating judicial tribunals. The ultimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play long known to our law. *Thompson, supra* at 130–31; Reavley, *Substantial Evidence and Insubstantial Review in Texas,* 23 Sw.L.J. 239 (1969); *Martinez v. Texas State Board of Medical Examiners,* 476 S.W.2d 400, 405 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.). It is particularly noteworthy for the disposition of the case at bar that in *Thompson,* the appellate court specifically noted that at the hearing before the Board the appellants *were represented by counsel and were able to cross-examine those witnesses testifying against them.* Moreover, the appellate court in *Thompson* noted that the appellants failed to set out what actual injury, if any, they suffered because the Board refused to grant a continuance of the hearing. For these reasons the appellate court in that case found no abuse of discretion. In the instant case from a review of the record and the proceedings before the Board it is readily apparent that had Crank been represented by counsel at the hearing, he would have had the benefit and assistance of his attorney in presenting his evidence, in cross-examining the Board's witnesses testifying against him, in making objection and response to inadmissible evidence and presenting oral argument in his behalf.

Crank cites the case of *Ullmen v. Dept. of Registration and Education,* 67 Ill.App.3d 519, 24 Ill.Dec. 291, 385 N.E.2d 58 (1978), wherein an emergency situation left plaintiff without counsel at a hearing and the reviewing court held that the denial of a continuance was an abuse of discretion and reversed and remanded the case for a new

hearing. An administrative body has broad discretion in ruling on a motion for continuance, but such discretion is *not* the equivalent of unbridled discretion. The court, in *Ullmen,* reasoned that a desire to dispose of a matter pending before an administrative body and to reach a speedy decision cannot be allowed to imperil the fundamental right an accused has to effective assistance of counsel; that while justice and speed are not mutually exclusive, if a judicial or quasi-judicial body must choose between the two, it must pick the side of justice. The court concluded that there should not be arbitrary discretionary acts and the appellant *must* have an opportunity to a full hearing, including the right to make oral argument, offer testimony, cross-examine witnesses and pose proper objections to the Board's evidence; and that where the appellant was deprived of the opportunity to cross-examine witnesses, this demonstrated one aspect of the prejudice suffered by the denial of a request for a continuance.

Appellee also cited *Ullmen* for the position that the exercise of the Board's granting or denial of a continuance is purely discretionary and should not be disturbed. It is the Board's contention that Crank had the opportunity to have counsel represent him at the hearing and that their denial of Crank's motion for continuance was not arbitrary or an abuse of discretion.

We have also reviewed the case of *Lewis v. Metropolitan S & L Ass'n,* 550 S.W.2d 11 (Tex.1977), where the question was raised as to whether a denial of due process in the administrative hearing becomes immaterial and beside the point *if* the order can be said to have reasonable evidentiary support in the administrative record. In *Lewis,* at the hearing before the Board some evidence was not admitted and such exclusion of evidence was contested as being a denial of due process. The Court in its review of the case noted that the proceedings of an administrative agency *must* meet the requirements of due process of law as well as the substantial evidence rule, and a determination by the courts of whether a particular administrative record fairly reflects compliance requires an examination of the whole

record. The court, further stated that in the eyes of the law there is no hearing unless a fair opportunity is afforded the parties to prove their case before an administrative agency. *Lewis, supra* at 15. The court in *Lewis* held that an arbitrary action of an administrative agency cannot stand and that there is arbitrariness where the treatment accorded parties in the administrative process denies them due process of law. The Supreme Court in *Rector v. Texas Alcoholic Beverage Commission,* 598 S.W.2d 888 (Tex.Civ.App.—Beaumont), *rev'd and remanded per curiam,* 599 S.W.2d 800 (Tex.1980), reaffirmed its holding in *Lewis, supra,* that even though the order may be said to have reasonable factual support under the precepts of the substantial evidence rule, such order is invalid for arbitrariness when the contesting parties are denied due process of law in the conduct of the administrative hearing.

The right to the advice and assistance of counsel is implicit in the concept of due process. This right is inherent in the very notion of an adversary system of justice and is indispensable to the effective protection of individual rights. The right to counsel and a fair representation at an administrative hearing is one of constitutional dimensions and should be freely exercised without infringement. *Mosley v. St. Louis Southwestern Railway,* 634 F.2d 942, 946 (5th Cir.1981), *cert. denied,* 452 U.S. 906, 101 S.Ct. 3032, 69 L.Ed.2d 407 (1981).

A review of the whole record in the instant case reflects that Crank was denied the fundamental right of due process when his motion for continuance was overruled, thus leaving him without the benefit and assistance of counsel who was in a position to effectively represent him at the hearing before the Board. The record reveals that the May 9, 1980 hearing involved two docketed complaints; whereas, the three previous continuances granted in the case (two of which were upon Crank's motion and one on the Board's motion) each postponed a hearing involving only the first of such complaints; that at the time of the Board's motion Crank appeared with his original

counsel ready to proceed with a hearing on the single complaint then docketed against him; and that no continuances had been requested or granted for the second complaint prior to the May 9, 1980 hearing before the Board. We do not agree with the Board's argument that Crank's *opportunity* to be represented by his former counsel with whom he disagreed and had "philosophical differences" was sufficient compliance with the requirements of due process. This was Crank's first motion for a continuance on one of the two docketed complaints, and a reasonable postponement of the hearing would have afforded a fair opportunity for his newly retained counsel to prepare his case on both complaints and represent him before the Board. Where a party's counsel has voluntarily withdrawn from the case, or a party by an emergency is left without legal representation the courts have held that such circumstances justified a continuance. To have denied a continuance under such circumstances would have left the party without counsel, as was Crank's circumstances in this case. Accordingly, we apply the same test and hold that the denial of a continuance to Crank under the circumstances herein was an abuse of discretion and constituted a deprivation of his due process rights to a fair representation before the Board. Appellant's first three points of error are sustained.

Since our ruling on appellant's first three points is dispositive of the case, we do not reach the remaining two points of error. Accordingly, the judgment of the trial court is reversed and the cause remanded for a new hearing before the Texas State Board of Dental Examiners.