**STATE of Texas, Petitioner,**

v.

**John Cameron CRANK, D.D.S., Respondent.**

**No. C–2210.**

Supreme Court of Texas.

March 21, 1984.

92

Jim Mattox, Atty. Gen., Robert Gauss, Asst. Atty. Gen., Austin, for petitioner.

Nathan, Nathan & Newman, Lawrence T. Newman and Celia L. Nathan, Houston, for respondent.

## ON MOTION FOR REHEARING

CAMPBELL, Justice.

This Court's opinion of February 1, 1984, is withdrawn on motion for rehearing and the following opinion is substituted therefor.

This is an appeal from an order of the Texas State Board of Dental Examiners revoking the license of John Cameron Crank, D.D.S. The order was appealed by Crank to the district court which found the Board's order had reasonable support in substantial evidence and rendered judgment affirming the Board's order. The court of appeals reversed and remanded the trial court judgment and held that the denial of a continuance to Crank was an abuse of discretion and constituted a deprivation of Crank's due process rights to a fair representation before the Board. 658 S.W.2d 182 (Tex.App.1983). We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Dr. Crank was accused in two formal complaints of writing prescriptions for a controlled substance to persons who were not his dental patients. A hearing on both complaints was scheduled for 9:00 a.m. on May 9, 1980 in San Antonio. Notice of this hearing was sent to Dr. Crank on March 14.

On April 28, the Board received a communication from Crank's attorney of record asking for a continuance. The proceedings against Dr. Crank had been continued three times on one of the two complaints. Two of these continuances were at Dr. Crank's request. The Board unanimously denied Dr. Crank's third request for a continuance, this time on both complaints.

On the morning of May 9, the scheduled hearing on both complaints was convened with Dr. Crank present. Several minutes later Dr. Crank's attorney of record appeared. When the attorney for the State announced ready, Dr. Crank stated he and his attorney had reached "philosophical differences" in their approach to this case, and he wanted a continuance so he could substitute other attorneys. The substitute counsel, he claimed, had agreed to enter the case if allowed sufficient time to prepare.

The State's attorney opposed the request for a continuance. Thereafter, Dr. Crank said:

> I am requesting that [my attorney] withdraw as counsel at this time.

After a brief recess, the Board President announced

> "It is the unanimous opinion of the Board, Dr. Crank, that you are denied a further continuance. We have given you two continuances and we will continue on with the hearing today."

Following this announcement by the Board, Dr. Crank and his attorney of record again made clear that Dr. Crank had discharged his attorney.

> [Crank's attorney]: Well, what I want the record to be clear about is that Dr. Crank has requested that I withdraw and not that I request that I withdraw.
>
> [Board President]: Would you like to make that statement, Dr. Crank?
>
> DR. CRANK: Well, I thought I did. I have requested [that my attorney] withdraw.

The proceeding continued without counsel for Dr. Crank. The Board unanimously revoked the doctor's license. Dr. Crank contends the Board abused its discretion in refusing to continue the administrative hearing, and violated his due process right to "a fair representation before the Board." We disagree.

The court of appeals correctly noted that the ultimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play long known to our law. *Rector v. Texas Alcoholic Beverage Commission*, 599 S.W.2d 800 (Tex.1980); Reavley, *Substantial Evidence and Insubstantial Review in Texas*, 23 Sw.L.J. 239 (1969). The court of appeals stated that "[w]here a party's counsel has [1] voluntarily withdrawn from the case, or [2] a party by an emergency is left without legal representation, the courts have held such circumstances justified a continuance." *See Lowe v. City of Arlington*, 453 S.W.2d 379 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.); *Ullmen v. Dept. of Registration and Education*, 67 Ill.App.3d 519, 24 Ill.Dec. 291, 385 N.E.2d 58 (1978). The court stated this was Dr. Crank's circumstance and held the denial of the request for a continuance was an abuse of discretion and deprived him of his due process rights to fair representation.

We first note this is not a case where the party's counsel voluntarily withdrew, nor one where a party, because of an emergency, was left without legal representation. In *Lowe* and *Ullmen*, the dispositive issue was not whether a party was left without counsel when a continuance is denied, but whether it was an abuse of discretion to proceed when a party through no fault of his own is left without counsel. Dr. Crank voluntarily discharged his attorney and reaffirmed the discharge after his requested continuance was denied.

Dr. Crank has made no contention this is anything other than a civil proceeding. In civil cases in which the absence of counsel has been urged as grounds for a continuance or new trial, courts have required a showing that the failure to be represented at trial was not due to the party's own fault or negligence. *Strode v. Silverman*, 217 S.W.2d 454 (Tex.Civ.App.—Waco 1949, writ ref'd); *Counts v. Counts*, 358 S.W.2d 192 (Tex.Civ.App.—Austin 1962, no writ); *appeal dismissed*, 373 U.S. 543, 83 S.Ct. 1549, 10 L.Ed.2d 688 (1963); *Van Sickle v. Stroud*, 467 S.W.2d 509 (Tex.Civ.App.—Fort Worth 1971, no writ).

Further, the granting or denial of an application for continuance rests within the sound discretion of the trial judge. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963). The action of the trial court denying the application will not be disturbed unless the record discloses a clear abuse of discretion.

Dr. Crank admitted he received notice more than a month before the May 9th hearing on the second complaint. Nevertheless, it was not until the morning of the hearing that Dr. Crank advised the Board he would not be represented by his attorney of record. Dr. Crank failed to show that his absence of counsel was not due to his own fault or negligence. Accordingly, we hold the Board did not abuse its discretion in refusing to grant a continuance based on absence of legal representation.

Crank also attacks the denial of his motion for a continuance on the ground that it deprived him of his due process right to counsel. We recognize the right to counsel and a fair representation at an administrative hearing is one of constitutional dimensions. *Mosley v. St. Louis Southwestern Railway*, 634 F.2d 942, 946 (5th Cir.1981), *cert. denied*, 452 U.S. 906, 101 S.Ct. 3032, 69 L.Ed.2d 407 (1981).

In *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964), the United States Supreme Court held:

The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process *even if the party … is compelled to defend without counsel. Avery v. Alabama*, 308 U.S. 444 [60 S.Ct. 321, 84 L.Ed. 377 (1940)]. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. *Chandler v. Fretag*, 348 U.S. 3 [75 S.Ct. 1, 99 L.Ed. 4 (1954)]. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The

answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. [citations omitted] (emphasis added).

*See also Morris v. Slappy,* —— U.S. ——, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

Dr. Crank was granted two continuances on one of the complaints and had more than a month to prepare for the hearing on the second complaint. On the day of the hearing, Dr. Crank appeared with his attorney of record who was prepared to represent him. Dr. Crank requested his attorney withdraw from representation, stating to the Board that they had reached "philosophical differences." The Board unanimously denied the request.

Whether Dr. Crank's allegation that he had reached "philosophical differences" with his attorney is a good reason to grant a continuance is arguable, and another tribunal might well have granted a continuance in these circumstances. "But the fact that something is arguable does not make it unconstitutional." *Ungar, supra* 376 U.S. at 591, 84 S.Ct. at 850.

■ As stated in *Ungar,* whether the denial of a continuance is so arbitrary as to violate due process depends on the circumstances in each case. We cannot say the Board's denial of a continuance was arbitrary. We hold the denial was not a violation of due process.

■ By way of cross-point, Dr. Crank also contends his due process rights were violated when the hearing was held in San Antonio although the Rules of Procedure Governing Grievances, Hearings, and Appeals provide that such hearings shall be held in Austin "unless for good and sufficient cause" the Board designates another place of hearing. We hold this rule is not a jurisdictional requirement.

Article 6252–13a, § 19(d) provides that a substantial evidence review in the district court "is confined to the record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency but which are not reflected in the record."

■ The record contains these facts. The notice informing Dr. Crank of the time of the hearing on the complaints designated San Antonio as the place of such hearing. Dr. Crank showed up in San Antonio at the scheduled time. He made no complaint to the Board about the location chosen by the Board for the hearing. While represented by counsel in the weeks preceding the hearing date, no complaint was made about the location of the hearing. Under these circumstances Dr. Crank waived any complaint he may have had on the point. This point is overruled.

■ Dr. Crank also contends that the signature of Board member Wm. Richard Knight, Jr., D.D.S., on the order by which Crank was disciplined indicated that Knight had participated in the decision or had received communications about the hearing in violation of provisions of the Administrative Procedure and Texas Register Act. Tex.Rev.Civ.Stat.Ann. art. 6252–13a. Although it is undisputed that Dr. Knight signed the order, it states that he was "ABSENT EXCUSED—NOT PARTICIPATING." The signature alone does not show a violation of the Act.

The judgment of the court of appeals is reversed. The judgment of the trial court is affirmed.

McGEE, J., notes his dissent.