# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00485-CV

**R. B. Ethridge, Jr., Appellant**

**v.**

**Vanessa M. Lemons and the Office of the Attorney General of Texas, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 197,430-B, HONORABLE MICHAEL J. NELSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant R. B. Ethridge, Jr. appeals from an order obligating him to pay child support to appellee Vanessa Lemons[1] issued in a suit affecting the parent-child relationship (SAPCR).  Appellant requests a new trial due to the unavailability of a complete record and asserts that the district court erred both in denying his motion for continuance and in failing to observe statutory limitations barring the petition.  We will affirm the district court's judgment.

---

[1]  Both Lemons and the Office of the Attorney General are named as appellees, but Lemons has not submitted any response.

## BACKGROUND

On April 14, 2003, Vanessa Lemons petitioned to establish a parent-child relationship between her children, Roshanga and Roshawnga Peoples, and appellant in order to obtain child support payments. Appellant received a citation notifying him of the petition the next day.

The first of two hearings regarding the parent-child relationship occurred on May 21, 2003. At the hearing, appellant made an oral motion for continuance, claiming that he required more time in order to obtain counsel. The court denied his motion for continuance but granted a two-week recess for the newly appointed attorney ad litem to consult with the children. The court held a second hearing on June 4, 2003, and subsequently issued an order establishing the parent-child relationship between appellant and the children. Appellant filed a notice of appeal and requested a copy of the record. The clerk was unable to provide appellant with a record of the May 21 hearing because it had been lost or destroyed.

Appellant asserts that (1) the district court's failure to provide him with a complete record of the proceedings requires that he receive a new trial; (2) the district court erred in denying his motion for continuance; and (3) the SAPCR petition was time-barred.

### Incomplete Record

Because the district court was unable to provide appellant with a record of the May 21, 2003 hearing, he asserts entitlement to a new trial. An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

2

(2)  if, without the appellant's fault . . . a significant portion of the recording has been lost or destroyed or is inaudible;

(3)  if the lost, destroyed, or inaudible portion of the reporter's record . . . is necessary to the appeal's resolution; and

(4)  if the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties . . . .

Tex. R. App. P. 34.6(f).  In order to receive a new trial, appellant must prove all four prongs of the rule.  *Id.*  The fourth prong requires a showing that the parties cannot agree on an acceptable substitute.  *Id.*  Appellant has not established that he has attempted or is unable to reach an agreement with the Office of the Attorney General and Ms. Lemons regarding a replacement of the court record.  Because appellant fails to establish the fourth prong of the rule, he is not entitled to a new trial.  We overrule appellant's first point of error.

**Motion for Continuance**

Appellant argues that the district court erred in denying his motion for continuance so he could secure representation by an attorney.  He claims, and the Office of the Attorney General concedes, that he orally submitted a motion for continuance without a supporting affidavit at the hearing on May 21.

The grant or denial of a motion for continuance is within the sound discretion of the trial court. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (standard for reversal of denial of motion for continuance is "clear abuse of discretion"); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984); *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex. 1963).  A movant must show sufficient cause, supported by affidavit, consent of the parties, or operation of law in order to obtain a

3

continuance. Tex. R. Civ. P. 251. "Generally, when movants fail to comply with Tex. R. Civ. P. 251's requirement that the motion for continuance be 'supported by affidavit,' we presume that the trial court did not abuse its discretion in denying the motion." *Villegas*, 711 S.W.2d at 626. Barring exceptional circumstances, absence of counsel will not be good cause for a continuance except at the discretion of the trial court. Tex. R. Civ. P. 253. Exceptions to Rule 253 include situations in which a party's attorney has voluntarily withdrawn from the case or when a party is left without legal representation by an emergency. *Crank*, 666 S.W.2d at 94. Where, as here, a party orally moves for continuance, fails to support the motion with an affidavit, and offers absence of counsel as justification without showing exceptional circumstances, there is a presumption that the lower court acted within its discretion in denying the motion. *See Villegas*, 711 S.W.2d at 626; *Crank*, 666 S.W.2d at 94.

Appellant does not argue that his situation was imposed by emergency, nor did it involve the immediate withdrawal of an attorney.[2] Appellant did not provide adequate justification in his unsworn motion for continuance. Thus, the district court acted within its discretion in denying appellant's motion for continuance. We overrule appellant's second point of error.

**Time Limitation**

Appellant claims that the district court erred by failing to apply family code section 160.607, which imposes a four-year time limitation on petitions to establish a parent-child

---

[2] Appellant received notice 25 days before the hearing and was afforded a two week recess after the first hearing and before the final hearing. He made no showing of an effort to find an attorney.

relationship. *See* Tex. Fam. Code Ann. § 160.607 (West 2004). Appellant misapplies the law on this point.

Section 160.607 prevents a suit to establish parentage after four years in cases in which there is a presumed father.[3] *Id.* When children do not have a presumed father, "[a] proceeding to adjudicate [their] parentage . . . may be commenced at any time." Tex. Fam. Code Ann. § 160.606 (West 2004). Appellant makes no claim that there was a presumed father, and the

---

[3] A man is presumed to be the father of a child if:

   (1)  he is married to the mother of the child and the child is born during the marriage;

   (2)  he is married to the mother of the child and the child is born before the 301st day after the date the marriage is terminated by death, annulment, declaration of invalidity, or divorce;

   (3)  he married the mother of the child before the birth of the child in apparent compliance with law, even if the attempted marriage is or could be declared invalid, and the child is born during the invalid marriage or before the 301st day after the date the marriage is terminated by death, annulment, declaration of invalidity, or divorce;

   (4)  he married the mother of the child after the birth of the child in apparent compliance with law, regardless of whether the marriage is or could be declared invalid, he voluntarily asserted his paternity of the child, and:

      (A)  the assertion is in a record filed with the bureau of vital statistics;

      (B)  he is voluntarily named as the child's father on the child's birth certificate; or

      (C)  he promised in a record to support the child as his own; or

   (5)  during the first two years of the child's life, he continuously resided in the household in which the child resided and he represented to others that the child was his own.

Tex. Fam. Code Ann. § 160.204 (West 2004).

record does not show that the mother was married at the relevant time or living with a man during the first two years of her daughters' lives. Because there is no showing that the children have a presumed father, a suit may be commenced at any time. *See* Tex. Fam. Code Ann. § 160.606. We overrule appellant's third point of error.

## CONCLUSION

Appellant is not entitled to a new trial based on loss of the record because he has not shown that the record cannot be replaced by an agreement of the parties; the court did not abuse its discretion in denying appellant's motion for continuance; and the family code allows such suit to commence at any time. We therefore affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: June 23, 2005

6