

# NUMBER 13-13-00049-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF C.C.F., A MINOR CHILD

## On appeal from the County Court at Law No. 1
## of Montgomery County, Texas.[1]

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Benavides and Longoria
## Memorandum Opinion by Chief Justice Valdez

Pro se appellant, T.F., appeals from the trial court's order modifying visitation with her child. By three issues, appellant contends that the trial court improperly allowed her attorney to withdraw from the case ten days prior to trial, the trial court failed to "ascertain" whether appellant had new counsel ready to proceed to trial, and the trial court abused its discretion by denying her motion for continuance. We affirm. [2]

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons

# I.     BACKGROUND

A trial was set for May 21, 2012 to modify the parent-child relationship.[3]  However, appellant's trial counsel filed a motion for continuance.  The trial court signed an agreed order of continuance on May 17, 2012 and set the trial for July 23, 2012.  Appellee, the child's father, R.T., filed a motion for continuance that was granted by the trial court.  The new trial date was set for September 24, 2012.  The trial court set a pre-trial hearing date of September 20, 2012.  Appellant was represented by trial counsel throughout the above-described proceedings.

On September 10, 2012, appellant's trial counsel filed a motion for withdrawal of counsel stating that good cause existed for trial counsel to withdraw because trial counsel was unable to effectively communicate with appellant "in a manner consistent with good attorney-client relations."  The motion stated that trial counsel had notified appellant of the motion to withdraw and that appellant had the right to object to such motion.  The trial court did not rule on trial counsel's September 10 motion to withdraw.

On September 11, 2012, appellant's trial counsel filed an agreed motion for withdrawal of counsel stating that appellant had consented to trial counsel's withdrawal

---

for it.  *See* Tex. R. App. P. 47.4.

[3] At a hearing held on January 27, 2011, appellee's trial counsel informed the trial court that CPS had called appellee requesting that he take possession of the child from appellant and recommending that appellant not be allowed further visitation with the child "without a full mental health evaluation."  Thus, according to appellee's trial counsel, appellee "filed a modification requesting restricted and/or denied visitation until we can do the mental health evaluation."  At this hearing, appellant complained that she did not have an attorney.  The trial court agreed to reset the hearing until April 21, 2011.

We have reviewed the reporter's record of the April 21, 2011 hearing where appellant was represented by the trial counsel who later withdrew by agreed order on September 14, 2012.  Appellee testified at the hearing, and appellant's trial counsel cross-examined appellee.  No opening or closing statements by counsel and no ruling by the trial court were made at this hearing.

At the January 27 hearing, appellee's counsel stated that at that time, appellee was the child's managing conservator and appellant "had a standard possession order."  Appellant stated that she had "agreed" to give appellee "custody" of the child.

2

"as evidenced by her signature on this motion." The motion stated, "Good cause exists for withdrawal of [appellant's trial counsel], in that she is unable to effectively communicate with [appellant] in a manner consistent with good attorney-client relations." The motion is signed by appellant under the notation, "AGREED TO AND APPROVED." In the motion, trial counsel informed appellant that she did not have to agree to the motion and that she could contest the motion. Appellant's trial counsel further notified appellant in the agreed motion for withdrawal of counsel that a hearing would be held on September 14, 2012 and that if she opposed the motion, appellant should attend the hearing. Appellant did not attend the September 14, 2012 hearing.[4]

On September 14, 2012, the trial court granted the agreed motion for withdrawal of counsel stating, in pertinent part, that appellant had been "notified in writing of the right to object to the motion," and that appellant had "consented" to the motion. The trial court documented that a pre-trial hearing was set for September 20, 2012 and that the jury trial was set for the week of September 23, 2012. Appellant and her trial counsel signed the agreed order on motion for withdrawal of counsel under the notation, "AGREED TO AND APPROVED."

Appellant filed a pro se motion for continuance on the basis that her trial counsel had withdrawn from the case and that appellant was "not prepared for trial at this time." Appellant filed an amended motion for continuance on September 20, 2012 stating that appellee's trial counsel failed to object to her trial counsel's motion to withdraw knowing that she could not acquire an attorney to represent her in order to "seize an unfair advantage in this cause." Appellant claimed that she agreed to her trial counsel's motion

---

[4] There is no reporter's record of the September 14, 2012 hearing in the appellate record.

to withdraw because "she felt like she had no choice." Appellant further complained that the trial court "in the interest of justice" should have denied the agreed motion for her trial counsel to withdraw unless appellant had been given "sufficient time" to hire new counsel. Appellant claimed in her motion that she had "diligently tried, without results," to hire an attorney to represent her at the trial on September 24, 2012. A letter from another attorney was filed in the trial court on September 20, 2012 stating that the attorney would represent appellant if the trial court granted the continuance. The attorney explained that due to the complexity of the case, she would not be prepared to represent appellant if the trial was not continued.

At a pre-trial hearing held on September 19, 2012, appellant argued that the trial court should grant a continuance in the case because her new trial counsel would not represent her unless she had more time to prepare. Appellee's trial counsel argued that appellant had agreed to her trial counsel's withdrawal in the case, "So she created the circumstances she's now complaining of." Appellee's trial counsel stated "this case is 21 months old," that he had witnesses "ready" to testify on Monday, September 24, 2012, that he had "subpoenaed" other witnesses for that date, and that he did not "think there is sufficient cause for [appellant's complaint] about the situation she allowed to happen." Appellant admitted that she had allowed her trial counsel to withdraw because she disagreed with the advice her former trial counsel had provided. The trial court said, "This case has gone on too long; I'm not going to continue it. We're going to trial Monday."

On September 24, 2012, a trial was held. At the trial, appellant informed the trial court that she had filed an amended motion for continuance and stated that she was not ready for trial. Appellant argued that her "file was not ready until Thursday and there was no attorney that could look at a file in one day and come to trial." The trial court reminded

4

appellant that the "case [had] been going on way, way too long." Appellant stated that she agreed. Appellee's trial counsel stated that he opposed the continuance due to the following: (1) this was the third trial setting; (2) the cause was twenty-one months old; and (3) appellant signed an agreed motion for withdrawal of counsel. The trial court denied appellant's amended motion for continuance. Appellant asked to be excused. The trial court asked, "You don't intend to participate," and appellant replied, "I have no choice. I am not ready. I'm pro se. I do not even have a complete file." The trial court explained that appellant could represent herself and that she would be allowed to participate in the trial. Appellant declined to participate, and she left the courtroom. A bench trial was held on the matter, and the trial court entered its order on appellee's motion to modify the parent-child relationship.[5]

At appellant's motion for new trial hearing, she testified that the reason that she signed and consented to the agreed motion for withdrawal of counsel is because she felt like she did not have a choice. Appellant stated that her previous trial counsel told her

---

[5] At the completion of the trial, the trial court ruled the following:

All right, then based on the testimony and evidence submitted, the following will be the ruling of the Court. The possession and access of the child will remain with Access Builds Children, ABC, on a three-hour basis. However, it will be changed from a week day to the weekend, the Saturday. It will continue until such time that [appellant] has completed, if she chooses to do so, one of the following programs. It would be a trained D-T-P program with either Karen Hall, Ph.D., Martha Fontana, LCSW or the Menniger Clinic. This will be a voluntary commitment on her—I don't mean commitment in the sense of in-house. I'm talking a voluntary . . . participation in the program. Should [appellant] complete the program, then she would be instructed to obtain a certificate of completion or a letter indicating her participation and completion of the program. Should that be furnished to both opposing counsel and the Court, beginning the next month thereafter a standard possession order will be allowed.

I'm going to order that the expenses for the ABC program, visitation program, will be borne by [appellant].

I'm going to order support in the amount of $909.96 plus $89 for the reimbursement of insurance. The insurance will be continued to be carried by [appellee].

5

that if she "did not sign [the agreed motion to withdraw], that she was going to file it anyway and she would not represent [appellant]." Appellant claimed that her previous trial counsel had not informed her that she had the option of opposing the withdrawal of counsel.

On cross-examination by appellee's trial counsel, appellant agreed that she had signed the agreed motion for withdrawal of counsel. Appellant claimed that she had not recalled that the motion stated that she had a right to oppose the withdrawal of her trial counsel, but she agreed that the document stated so. Appellant acknowledged that she also signed the trial court's order granting the agreed motion for withdrawal of counsel. Appellant stated that she had not attended a hearing held on September 11, 2012 regarding the motion to withdraw. Appellant's new trial counsel argued that appellant was entitled to a new trial because it was not appellant's fault that her previous trial counsel withdrew from the case and no other attorney would take the case on such short notice. Appellee's trial counsel argued that appellant agreed and consented to the withdrawal, therefore, she could not argue that it was not her fault. The trial court denied appellant's motion for new trial. This appeal ensued.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We will reverse a trial court's ruling on a motion for continuance if there is a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (explaining that the record must show a clear abuse of discretion before the appellate court will disturb the trial court's action on a motion for continuance). A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner or without reference to guiding rules or principles. *McAleer v. McAleer*, 394 S.W.3d 613, 617 (Tex. App.—Houston 2012 [1st Dist.], no pet.); *see State v. Crank*, 666 S.W.2d 91, 93 (Tex. 1984). "The appellate court

may not substitute its judgment for that of the trial court in matters committed to the trial court's discretion." *McAleer*, 394 S.W.3d at 617.

Generally, the absence of a trial counsel is not good cause for a continuance, but the trial court has discretion to allow a continuance when good cause is shown. Tᴇx. R. Cɪᴠ. P. 253; *R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 701 (Tex. App.—Waco 2008, pet. denied). A movant for a continuance on the basis of the withdrawal of counsel must show that the failure to be represented by counsel at trial was not due to her own fault or negligence. *McAleer*, 394 S.W.3d at 617 (citing *Villegas*, 711 S.W.2d at 626).

### III.   ANALYSIS

By her first two issues, which we address together, appellant contends that the trial court erred by allowing her attorney to withdraw from the case ten days prior to trial and by failing to "ascertain" whether appellant had new counsel ready to proceed to trial. Here, appellant consented to the withdrawal of her trial counsel several days prior to the trial. Moreover, when given the opportunity to oppose the withdrawal, appellant did not do so. Thus, the trial court may have found that appellant did not want trial counsel to represent her at trial. Appellant has not cited any authority, and we have found none, requiring a trial court to deny an agreed motion for withdrawal of counsel when neither party has opposed it. At the time the trial court ruled on the motion, appellant consented to it, and signed the order granting the withdrawal; thus, there was nothing before the trial court indicating that it should not grant the motion. Although appellant complains that the trial court failed to ascertain whether she had new representation, the trial court granted appellant's agreed motion for withdrawal of counsel. We cannot conclude that the trial court abused its discretion by not asking appellant if she had new trial counsel when it was giving appellant the relief she requested, especially when appellant failed to attend

7

the hearing on the agreed motion for withdrawal of counsel. We overrule appellant's first and second issues.

Next, by her third issue, appellant contends that the trial court abused its discretion by not granting her motion for continuance. Appellee responds that appellant failed to show that the withdrawal of her trial counsel was not her fault.

Appellant signed the agreed motion and order for withdrawal of counsel and when given the opportunity to oppose the motion and order, she did not appear at the motion to withdraw hearing held on September 14, 2012. At the motion for continuance hearing, appellant stated that she "allowed her [trial counsel] to withdraw because [her trial counsel] wanted [appellant] to settle instead of go to trial" and claimed that her trial counsel "said she wouldn't represent [appellant] at trial." The trial court may have found that appellant did not want her trial counsel to represent her because appellant disagreed with trial counsel's advice to settle. Moreover, the trial court may have disbelieved appellant's claim that trial counsel told appellant that she would not represent her at the trial because the motion and the order both state that if appellant opposed the motion to withdraw she could do so.

The trial court may have also relied on appellant's trial counsel's statement in the agreed motion for withdrawal of counsel that "good cause existed" to grant the motion to withdraw because she could not effectively communicate with appellant. This Court reviewed a motion to withdraw containing the exact language contained in the motion to withdraw at issue in this case. *Garza v. Gonzales*, No. 13-05-200-CV, 2006 WL 3317732, at *4 (Tex. App.—Corpus Christi Nov.16, 2006, no pet.) (mem. op.). In *Garza*, we explained that the burden rested on the appellant to explain how the communication failure was not her fault. *Id.* We held that because the appellant did not "shed" light on

8

the communication failure described in the motion to withdraw, she had not established that the failure to be represented by counsel was not due to her own fault or negligence. *Id.* Here, appellant did not explain the communication failure that occurred warranting the agreed motion to withdraw. However, she did testify that she disagreed with the advice that her trial counsel had provided to her. Thus, the trial court may have concluded that appellant did not meet her burden of showing that the withdrawal of her trial counsel was not due to her own fault or negligence. *See Crank*, 666 S.W.2d at 94 (concluding that the appellant failed to show that his trial counsel's withdrawal was not his fault because the appellant fired the trial counsel on the day of trial); *see also Garza*, 2006 WL 3317732, at **4–5.

Based on this record, we cannot conclude that the trial court clearly abused its discretion. We overrule appellant's third issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
6th day of February, 2014.