# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00168-CV

---

TURK-AM Phoenix Properties, Inc., a Texas Nonprofit Corporation,
Appellant

v.

City of Bryan, a Texas Home-Rule Municipal Corporation,
Appellee

---

On appeal from the
361st District Court of Brazos County, Texas
Judge David G. Hilburn, presiding
Trial Court Cause No. 23-000064-CV-361

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Turk-Am Phoenix Properties, Inc., a Texas Nonprofit Corporation, appeals from the trial court's order affirming a demolition order rendered by the City of Bryan, Texas's Building and Standards Commission. In its sole issue, Turk-Am asserts the Commission erred by failing to allow it additional time to complete an engineering report and receive bids prior to ordering Turk-Am to demolish its asset. We affirm.

## BACKGROUND

Turk-Am owns a building in Bryan, Texas, previously an ice cream manufacturing facility, but vacant for several years. The City's Chief Building Official contacted Turk-Am's representative, Fercan Kalkan, by certified letter dated August 8, 2022 to advise it that, due to the unsafe and dilapidated condition of the building, he intended to seek an order from the City's Building and Standards Commission that the building be repaired or removed. That letter explained that the Commission would schedule a hearing at which Turk-Am could present previously submitted evidence "of the scope of any work required to repair your structure to minimum building standards, including a written plan for the repairs." It also explained that any bids, plan of repair, timeline or supporting documents must be received by the City at least ten business days prior to the hearing. The letter also advised that "if there is too much damage, if the structure cannot be safely repaired, or if you fail to provide the required plan for repairs, the Commission will order the structure demolished." The record shows that the receipt for the certified letter was signed on August 29, 2022.

On October 17, 2022, the City's Chief Building Official emailed Kalkan to arrange for an inspection. That email mentioned the August letter. Kalkan responded, saying he did not receive the August letter and explaining that he

leased the property to a company that planned to renovate the building. A few days later, Kalkan and the Chief Building Official agreed on a date and time for an inspection, to occur on October 31, 2022.

On November 8, 2022, the Chief Building Official sent another notice by certified mail stating that a public hearing regarding the property was scheduled for December 12, 2022 before the Building and Standards Commission. Attached to the letter were City Building Services and fire department reports. The letter explained that any bids, plan of repair, timeline or supporting documentation Turk-Am wishes to present must be received by the City's Development Services Department by November 28. It also warned that if Turk-Am "[does] not appear or provide the above-described documentation, the Commission will most likely order any dangerous structures demolished."

On November 10, the Chief Building Official emailed Kalkan reminding him of the hearing. He also explained that the Commission will need a plan, estimates and timeline for repairs. He stated that Turk-Am may ask for more time to obtain engineers and architects to prepare plans, but at least an initial proposed plan for repairs needs to be submitted.

A representative of Turk-Am attended the hearing on its behalf. He informed the Commission that Turk-Am had difficulty retaining engineering

firms and asked for additional time to submit plans for a possible renovation or, depending on advice from an engineer, possible demolition of the building. Thereafter, the Commission found that the building is unsafe and unsecured in violation of applicable ordinances and must be boarded up or fenced in within three days. It further found that the building "may not be feasibly repaired in compliance with City ordinances and must be demolished and all debris must be lawfully removed within 60 days." Turk-Am filed a petition for writ of certiorari in district court to review the demolition order.[1] After a hearing, the trial court affirmed the Commission's order. Turk-Am now appeals from the trial court's order.

SUFFICIENCY OF TIME TO PREPARE FOR HEARING

In its sole issue, Turk-Am asserts that the Commission was unreasonable by failing to authorize additional time for Turk-Am to complete its own engineering report and receive repair bids prior to ordering the building to be demolished. It contends that requiring its asset to be demolished without allowing a reasonable amount of time to collect all necessary information is an injustice.

---

[1] TEX. LOC. GOV'T CODE ANN. §§ 54.039, 214.0012.

**Applicable Law**

An administrative proceeding must meet the minimum requirements of due process. *Lewis v. Metro. Sav. & Loan Ass'n*, 550 S.W.2d 11, 13 (Tex. 1977). Procedural due process requires notice that is reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. *City of Waco v. Roddey*, 613 S.W.2d 360, 365 (Tex. App.—Waco 1981, no writ). Notice of all proceedings before a municipal Building and Standards Commission must be given on or before the tenth day before the date of the hearing before the commission panel. TEX. LOC. GOV'T CODE ANN. § 54.035(a), (b); *see also* BRYAN, TEX., CODE OF ORDINANCES ch. 14, art. VIII, § 14-222(a) (notice of the hearing shall be served on the owner at least ten calendar days prior to the hearing date).

The decision to grant a continuance rests within the sound discretion of the factfinder. *See State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984) (op. on reh'g). Absent a clear abuse of discretion, we will not disturb a denial of a motion for continuance. *Id.* "There is arbitrariness where the treatment accorded parties in the administrative process denies them due process of law." *Lewis*, 550 S.W.2d at 16. However, there is no mechanical test for determining when a denial of a continuance is so arbitrary as to violate due process. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Rather, the reviewing court must consider

the circumstances presented to the factfinder at the time the request is denied. *Id.* "The ultimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play long known to our law." *Crank*, 666 S.W.2d at 94.

**Analysis**

Although Kalkan denied receiving the August notification and now asserts that Turk-Am was first made aware of the investigation into the building on October 17, 2022, the record includes the certified mail receipt showing a signature indicating that someone signed for the letter. Thus, the record supports an implied finding that, on August 29, 2022, Turk-Am received notice of the City's pending investigation of its property and the City's intent to seek a demolition order. In that notice, Turk-Am was advised that it must be prepared to present the Commission with "previously submitted proof of the scope of any work required to repair [the] structure to minimum building standards." Kalkan was then in direct communication with the Chief Building Official by email on October 17 regarding a building inspection.

On November 8, Turk-Am received another notice explaining that any plans of repair and supporting documentation must be received by the City by November 28 in preparation for the December 12 hearing. At the hearing, Turk-Am did not have even an initial proposed plan for repairs as suggested

by the Chief Building Official in his November 10 email. Although Turk-Am had from August 29 until December 12 to arrange for its own inspectors and obtain bids for repair work, it asked for more time. Without explanation, the Commission found that the owner had "ample time to compile documentation, especially with the cancellation of the October meeting."

Additionally, according to the minutes of the December 12, 2022 hearing, the Commission found that any proposed repairs would exceed the value of the structure and that the building may not be feasibly repaired in compliance with City ordinances. Section 14-226 of the Bryan Code of Ordinances provides that "[r]epairs shall be deemed feasible only if less than 50 percent of the structure or the building must be repaired or replaced." *See* BRYAN, TEX., CODE OF ORDINANCES ch. 14, art. VIII, § 14-226(a)(2).

Under these circumstances, the Commission's decision to deny a continuance for Turk-Am to obtain engineering reports and obtain bids was not arbitrary or unreasonable and not an abuse of discretion. *See Lewis*, 550 S.W.2d at 16; *Crank*, 666 S.W.2d at 94. We overrule Turk-Am's sole issue.

## CONCLUSION

Having overruled Turk-Am's sole issue, we affirm the trial court's order.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  May 8, 2025

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed
CV06

