Henry-P v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-225-CV

     PAULA HENRY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 32757
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal from a judgment terminating the parental rights of Appellant Paula Henry
to the minor child, Alexandra Rene Henry, pursuant to Section 15.02(D)(E)(F), Texas Family
Code, now Section 161.001 of said Code. 
      Trial was by a jury which returned a verdict that termination was in the best interests of said
child, and upon its verdict the trial court entered judgment, from which Appellant comes to this
court on three points of error. We overrule all of Appellant's points of error and affirm the trial
court's judgment.
      By the first point of error Appellant asserts the trial court abused its discretion in overruling
Respondent-Appellant's objections to proceed to trial for the stated reason that discovery was
ongoing. No proper motion for continuance was ever presented to the trial court. Rule 251,
Texas Rules of Civil Procedure, provides:
            No application for a continuance shall be heard before the defendant files his
defense, nor shall any continuance be granted except for sufficient cause
supported by affidavit, or by consent of the parties, or by operation of law.
The transcript does not contain a motion for continuance complying with Rules 251 and 252,
Texas Rules of Civil Procedure. Although the docket sheet does show that the trial court denied
a "request for continuance" on April 24, 1995, the record is clear that the trial court never ruled
upon a formal written motion for continuance supported by affidavit setting out sufficient cause. 
Therefore, the trial court did not abuse its discretion in refusing to delay the trial.
      Aside from the above, the trial court did not abuse its discretion in refusing to delay the trial
because discovery was ongoing. This suit was filed by the Texas Department of Protective and
Regulatory Services (hereinafter Department) which sought termination of the parent-child
relationship between the child Alexandra and her parents, her biological mother, Appellant Paula
Henry, and her alleged father, Albert Garner. Garner was at that time believed to be the father
of the child but later, by testing, was excluded from paternity. Appellant and Garner lived
together at times pertinent to this case but subsequently separated. Appellant executed an affidavit
in open court on March 3, 1995, naming one Melvin Brown as the father of Alexandra; however,
Brown executed a waiver of interest, his parental rights were terminated, and he did not appeal
the judgment.
      Alexandra was born on March 22, 1993, and was removed from Appellant's care in June
1993, after a court hearing, because of physical abuse, and placed in foster care. The child was
taken to the hospital by Mr. Garner and a relative because the child had a bruise, a "busted" lip,
and cried continuously. X-rays showed she had three fractured ribs. Dr. Beyer, one of the
examining doctors, testified that considerable force by an adult's hands was most likely the cause 
of such injuries.
      Alexandra was residing with her mother from her birth until she was removed from
Appellant's home. Appellant gave varying explanations as to what caused the injuries; none of
which were medically consistent with the child's injuries. She testified that she and Alexandra
were at home and that her younger brother, Michael Henry, injured the baby by bumping an eight-inch-high coffee table and Alexandra fell off. Dr. Beyer testified that to sustain injuries with
broken ribs and bruises, Alexandra would have had to have fallen at least 3½ feet.
      At another time Appellant stated that Albert Garner injured the baby during an argument
between herself and Garner. He was attempting to hit Appellant but hit Alexandra who was in her
arms. Considering the severity of the injuries, the age of the child (3 months), the fact that
Appellant changed her stories as to what actually occurred to the child, the Department removed
the child from her mother.
      The Department developed service plans for the mother, including parent education, anger
control and a psychological evaluation with Dr. James Shinder. Appellant attended only 14 out
of 50 parenting group and anger control sessions. She never appeared for the psychological
evaluation. Dr. Shinder testified that he could not recommend that Appellant have her child
returned to her.
      The Department filed the petition for termination on March 3, 1995. Trial began April 24,
1995, wherein the jury's verdict was that termination was in the best interest of Alexandra. Upon
the verdict the trial court entered its judgment.
      However, prior to the jury trial the trial court conducted four separate evidentiary review
hearings under Chapter 18 of the Texas Family Code, to-wit, on October 21, 1993; December 29,
1993; June 10, 1994; and December 16, 1994. Appellant's counsel actively participated in all four
of these review hearings. Counsel was fully able through the course of these hearings to develop
the case for trial. Moreover, Appellant's counsel was entitled to engage in written discovery at
any time after his appointment on September 27, 1993; however, Appellant's counsel chose not
to undertake this action. Moreover, in December 1993, the trial court ordered the Department to
provide the court with a complete copy of its file so that the court could extricate anything
prejudicial to a criminal prosecution, and the remainder was made available to Appellant's
counsel.
      The granting or denial of the motion for continuance is within the trial court's sound
discretion. State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984); Hernandez v. Heldenfels, 374 S.W.2d
196, 202 (Tex. 1963). The trial court's action will not be disturbed unless the record shows a
clear abuse of discretion. Generally, when movants fail to comply with Rule 251's requirement
that the motion for continuance be "supported by affidavit," there is a presumption that the trial
court did not abuse its discretion in denying the motion. Villegas v. Carter, 711 S.W.2d 624, 626
(Tex. 1986).
      In the case at bar, Appellant's counsel had ample time to get his case ready for trial. 
Appellant's first point of error is overruled.
      Appellant's second point of error contends that trial court erred in holding the hearing for the
involuntary termination petition prior to 180 days after the date on which the petition was filed
because (Appellant says) the premature hearing violated public interest as declared by state statute,
Texas Family Code, Title 2, Subtitle A., Chapter 15, Section 15.024(a)(1) [now Section 161.003].
      Appellant's parental rights were not terminated pursuant to Section 15.024 of the Texas
Family Code (now Section 161.003). This termination proceeding was brought and tried under
Section 15.02(D)(E)(F) which is now Section 161.001 of the Texas Family Code. Both Sections
161.001 and 161.003 authorize causes of action for involuntary termination of the parent-child
relationship; however, 161.003 provides that "a hearing on the termination may not be held earlier
than 180 days after the date on which the suit was filed." To the contrary, Section 161.001, the
statute under which this cause was brought and tried, contains no such provision. Appellant's
second point of error is overruled.
      Appellant's third point of error contends that Respondent-Appellant was denied her lawful
right to meaningful services normally provided to mentally deficient or emotionally ill parents by
virtue of the State's wrongful denial of her mental deficiency and the trial court's refusal to
consider the inadequacies of the State's permanency plan criteria.
      Appellant's third point of error may be summarized as an attempt to attack the Department
for failures of the Department in the formulation and management of the permanency plan of the
Department concerning the child. However, in making such criticism, Appellant does not ask the
court for any specific relief nor present the court with any course of action which Appellant
believes the trial court should have undertaken. Neither does Appellant cite the trial court or this
court with any controlling authority to support Appellant's contentions.
      A party wishing to complain of some action on the part of the trial court must preserve its
error by securing a trial court ruling on such specific complaint. Tex. R. App. P. 52(a).
      Moreover, Rule 74(f), Texas Rules of Appellate Procedure, requires that a party include a
discussion of the facts and the authorities relied upon to support the issues raised on appeal. 
Failure to cite any authority in support of a point of error constitutes a waiver of the point. DFW
Commercial Roofing Co., Inc. v. Mehra, 854 S.W.2d 182 (Tex. App.—Dallas 1993, no pet.), and
the cases cited at page 189 under paragraph 14.
      Where Appellant's points of error are not supported by authorities, citation to the record, and
contain mere conclusionary argument, these points are waived. Tacon Mechanical Contractors
v. Grant Sheet Metal Inc., 889 S.W.2d 666 (Tex. App.—Houston [14th Dist.] 1994, writ denied;
Tex. R. App. P. 74(f). An appellate court has no duty to search a voluminous record without
guidance from Appellant to determine whether an assertion of reversible error is valid. Anheuser-Busch v. Summit Coffee Co., 858 S.W.2d 928, 942 (Tex. App.—Dallas 1993, writ denied). We
hold that Appellant has waived the third and final point of error.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed October 2, 1996
Do not publish