

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00075-CV

Robert James **HENRY**,
Appellant

v.

**TAX APPRAISAL DISTRICT OF BELL COUNTY**,
Appellee

From the 169th Judicial District Court, Bell County, Texas
Trial Court No. 233,829-C
The Honorable Gordon G. Adams, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  December 18, 2013

AFFIRMED

After denying a motion for continuance filed by appellant Robert James Henry, the trial court subsequently entered an *in rem* judgment in favor of appellee Tax Appraisal District of Bell County ("the District").  Henry appeals, contending the trial court abused its discretion by denying his motion for continuance and that such denial was so arbitrary as to violate due process.  We affirm the trial court's judgment.

BACKGROUND

On January 9, 2009, the District sued Valencia T. Henry and Athela R. Henry seeking to collect delinquent taxes owed on real property located in Bell County, Texas for tax years 2003 through 2007. A second amended petition filed on January 25, 2011, named appellant Henry as a defendant and sought to collect delinquent taxes owed on the same piece of property for tax years 2004 through 2010. Trial on the matter was initially set for November 17, 2011.

On the day of the first trial setting, Henry filed a motion for continuance claiming he was unable to attend trial due to hospitalization, and that ownership of the property was currently in dispute and awaiting a ruling from the Texas Third Court of Appeals in the case styled *Henry v. Henry*, No. 03-11-00253[1]. The trial court granted the continuance and the case was initially reset for trial on June 21, 2012, but later reset at the District's request for trial on July 19, 2012.

On the day of the third trial setting, Henry filed his second motion for continuance, again asserting additional time was necessary based on the appeal pending before the Third Court of Appeals. The trial court granted Henry's second motion for continuance and a new trial date was set for November 15, 2012.

On November 15, 2012, the day of the fourth trial setting, Henry filed his third motion for continuance with the trial court. In this third motion, Henry claimed a continuance was necessary because he was unable to appear at trial due to his incarceration in the Williamson County Jail. He also reasserted the claim that the result of the appeal from the Third Court of Appeals was still pending. The trial court denied the motion explaining:

---

[1] *Henry v. Henry* is an appeal from the divorce decree in Henry's divorce from Gay N. Henry. No. 03-11-00235-CV, 2013 WL 4056221 (Tex. App.—Austin Aug. 9, 2013, no pet. h.) (mem. op.). In a decision released after the events in this case, the Third Court abated the appeal and remanded the cause to the trial court for the entry of necessary findings of fact and conclusions of law concerning the characterization and division of the parties' real and personal property. *Henry*, 2013 WL 4056221, at *1.

> I don't really see the point in dragging this out. I mean we're talking about taxes from back in '05. It seems like with Mr. Henry, if it's not 'he needs more time for the Third Court,' it's 'he needs more time because he's in jail,' and the next time – This is not a comment on [counsel]; you're just representing your client, I understand – but it'll just be something else. So I'm not sure I see the point. And besides that, I've done it at least twice before.

After the motion was denied, the District introduced, without objection, the certified tax affidavit showing the amount of taxes, penalties, and interest due on the subject property. Henry did not present a defense. The trial court then entered judgment *in rem* in favor of the District for amounts owed pursuant to the tax affidavit. Henry subsequently perfected this appeal.

## ANALYSIS

Henry contends the trial court abused its discretion by denying his third motion for continuance. Henry claims the trial court's action was not only harmful to his case, but so arbitrary as to violate his due process rights.

A motion for continuance is appropriate where there is "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. We review a trial court's denial of a motion for continuance for abuse of discretion. *McGrede v. Coursey*, 131 S.W.3d 189, 197 (Tex. App.—San Antonio 2004, no pet.) (citing *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). In deciding whether a trial court abused its discretion, we do not substitute our judgment for the trial court's judgment and will not reverse the ruling unless the record clearly shows a disregard of a party's rights. *Valdez v. Robertson*, 352 S.W.3d 832, 834 (Tex. App.—San Antonio 2011, no pet.); *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986).

In his third motion for continuance, Henry asked for a ninety-day delay on the grounds that: (1) he was unable to attend trial due to incarceration; (2) prior to his incarceration, he was involved in negotiations to secure funds to pay his tax obligation, but those negotiations could not be completed due to his incarceration; and (3) the trial court should await the decision of the Third Court of Appeals. After reviewing the record and the applicable law, we hold the trial court did not abuse its discretion in denying Henry's third motion for continuance.

### *Ground for Continuance –Absence of Party*

The decision to grant or deny a motion for continuance because of the absence of a party to the suit is a matter addressed to the sound discretion of the trial judge. *Garza v. Serrato*, 699 S.W.2d 275, 284 (Tex. App.—San Antonio 1985, writ. ref'd n.r.e). The trial court is not required to grant a motion for continuance just because a party is unable to be appear at trial. *Hawthorne v. Guenther*, 917 S.W.2d 924, 929 (Tex. App.—Beaumont 1996, writ denied); *Humphrey v. Ahlschlager*, 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no writ). Here, there was no suggestion Henry's testimony was needed at trial to counter the District's tax claim. Rather, in his motion Henry contended "fairness and due process entitle Movant to be present at all proceedings." Given the trial court is not required to grant a motion for continuance merely because a party is unable to appear at trial, we reject this portion of Henry's argument. *See Hawthorne*, 917 S.W.2d at 929. Accordingly, absent any other justification for why the trial court should postpone proceedings so Henry could attend, we hold the trial court did not abuse its discretion based on this ground. *Garza*, 699 S.W.2d at 284.

### *Ground for Continuance – Prior Negotiations to Obtain Funds*

In Henry's motion for continuance and during the argument at the hearing, Henry claimed that immediately before his arrest, he was involved in negotiations with a lender to secure funds to pay his tax obligation and that, but for the arrest, he would have had the funds to take care of

the tax obligation. Because Henry's motion for continuance is verified and its factual allegations are uncontroverted, we must accept the factual allegations as true. *Kahanek v. Rogers*, 900 S.W.2d 131, 133 (Tex. App.—San Antonio 1995, no writ.). However, even if it is true that with a ninety-day continuance Henry would have obtained funds to satisfy the tax obligation, it is equally true this was his third motion for continuance and he had nearly two years from the instigation of suit to obtain funds to satisfy the obligation. The trial court did not "really see the point in dragging this out" any longer over "taxes from back in '05" and was convinced that after two previous continuances, a third was not warranted. Given the record, we hold the trial court did not abuse its discretion in denying the continuance based on this assertion. *See McGrede*, 131 S.W.3d at 197.

### *Ground for Continuance – Pending Decision from Third Court of Appeals*

In his third ground for continuance, Henry argued the trial court should have stayed the trial until the Third Court of Appeals rendered a decision in *Henry v. Henry*, which was pending at the time of trial. *Henry v. Henry*, according to the motion and argument at the hearing, is a divorce case involving Henry and his ex-wife that affects the ownership rights in the property subject to the underlying tax suit. Henry presents no authority in support of his claim that by not waiting for the decision of the Third Court of Appeals, the trial court abused its discretion. Although a trial court may decide, in some instances, to await the decision of a court of appeals, we have found no authority holding that a trial court is required to wait – particularly after having previously stayed the trial proceedings for almost an entire year. A trial court would have no idea how long it might take for the appellate court to render its decision, and then, if the party moving for the continuance decides to seek petition for review, the matter could be pending for years.[2]

---

[2] As noted above, the Third Court of Appeals did ultimately render a decision, but that decision involved a remand, thereby continuing the matter without a full resolution.

A trial court cannot abuse its discretion by denying a motion for continuance in the absence of authority to show it acted without reference to any guiding rules or principles. *See McGrede*, 131 S.W.3d at 197. Even if this court would have granted the continuance to await the results of *Henry v. Henry*, the mere fact that this court in similar circumstances would use its discretionary authority differently does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242. Accordingly, we hold that the trial court did not abuse its discretion by denying the motion for continuance based on this ground. *See McGrede*, 131 S.W.3d at 197.

### *Due Process*

It is possible that the denial of a motion for continuance is so arbitrary as to violate due process. *State v. Crank*, 666 S.W.2d 91, 95 (Tex. 1984); *see Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Whether denial is so arbitrary as to violate due process depends on the circumstances of the case. *Crank*, 666 S.W.2d at 95. Because we have held that the trial court did not abuse its discretion by denying Henry's motion for continuance, we hold the denial was not a violation of due process. *See id.*

### CONCLUSION

Based on the foregoing, we overrule Henry's sole issue and affirm the trial court's judgment.

Marialyn Barnard, Justice