Farbod AYATI–GHAFFARI, Appellant,

v.

Afsaneh H–EBRAHIMI, Appellee.

No. 05–02–01294–CV.

Court of Appeals of Texas,
Dallas.

July 16, 2003.

Shideh Sharifi, Dallas, for Appellant.

Aglaia D. Mauzy, Attorney At Law, and
George C. Dixie, Dixie & Mauzy, Dallas,
for Appellee.

Before Justices WHITTINGTON,

RICHTER, and ROSENBERG.[1]

## OPINION

Opinion by Justice ROSENBERG (Assigned).

This appeal arises from a divorce suit. In a single issue, Farbod Ayati–Ghaffari contends that the trial court unfairly forced him to proceed to trial without counsel. We conclude that the trial court did not abuse its discretion in proceeding to trial in these circumstances and affirm the trial court's judgment.

## BACKGROUND

On April 4, 2002, the trial court heard Ghaffari's attorney's motion to withdraw and allowed the attorney to withdraw. The trial court notified Ghaffari of the April 29 trial date and advised Ghaffari that he needed to get an attorney quickly. On April 29, Ghaffari appeared at the divorce proceeding without an attorney. Ghaffari represented that he had attempted to obtain the services of an attorney but did not have the funds to pay until the first of the month. He indicated that he had contacted an attorney the previous week who had agreed to represent him. The court stated it would allow a delay, and Ghaffari was ordered to pay $1500 to Ebrahimi for the expenses of the delay. Before the trial court set another date, Ebrahimi's lawyer asked to be allowed to call the attorney to verify that he would be representing Ghaffari. Ebrahimi's lawyer reported to the court that Ghaffari had called the attorney that morning and the attorney had not agreed to represent Ghaffari. Ghaffari then explained that his brother had called the attorney the previous week and Ghaffari had called the attorney that morning. The trial court then decided to proceed with the trial.

On May 28, 2002, the trial court entered a divorce decree, and Ghaffari filed a motion for new trial urging that he should not have been forced to trial pro se. A hearing was held on June 12, 2002, and the trial court denied the motion. Ghaffari appeals.

## DISCUSSION

■ In his only issue, Ghaffari contends that the trial court erred in forcing him go to trial without an attorney because he was deprived of his right to counsel under the Sixth Amendment to the United States Constitution and his right to due process under the Fourteenth Amendment as applied to the states. Ebrahimi responds that there is no right to counsel in a civil case and the trial court did not abuse its discretion in proceeding to trial.

■ Ghaffari relies on *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), to support his contention that he was denied a right to counsel. However, *Faretta* applies to criminal cases. The criminal rule is not applicable to civil proceedings. *Bowman v. Tex. State Bd. of Dental Exam'rs*, 783 S.W.2d 318, 320 (Tex.App.-Austin 1990, no writ). In civil cases, the Texas Supreme Court has recognized that the right to counsel is a valuable right and its unwarranted denial is reversible error. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). However, when the absence of counsel is urged as ground for reversal, the complainant must demonstrate that his failure to be represented was not the result of his own fault or negligence. *State v. Crank*, 666 S.W.2d 91, 94–95 (Tex.1984).

---

1. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

■ The decision whether to grant a motion for continuance because of the absence of counsel rests within the discretion of the trial court. *Id.* at 94. The action of the trial court will not be disturbed unless the record discloses a clear abuse of discretion. *Villegas,* 711 S.W.2d at 626. A trial court may be reversed for abusing its discretion only when the court of appeals finds the trial court acted in an unreasonable or arbitrary manner or without reference to any guiding rules or principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). The mere fact that a trial judge may decide a matter within his discretionary authority in manner different from an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Buller,* 806 S.W.2d at 226; *Downer,* 701 S.W.2d at 242.

■ Generally, when a movant fails to comply with Texas Rule of Civil Procedure 251's requirement that a motion for continuance be "supported by affidavit," we presume that the trial court did not abuse its discretion in denying the motion. *Villegas,* 711 S.W.2d at 626; *see* Tex.R. Civ. P. 251 (providing conditions for continuances). Nevertheless, we do not apply this presumption to lay movants who without fault have their attorney withdrawn. *Villegas,* 711 S.W.2d at 626.

Based on the record presented, we cannot conclude that Ghaffari's failure to secure counsel was not the result of his own fault or negligence. Accordingly, the trial court did not abuse its discretion in denying the continuance and proceeding with the trial. We affirm.