**In the Interest of J.P. and F.P., Children.**

No. 05–11–00679–CV.

Court of Appeals of Texas, Dallas.

April 16, 2012.

834

Matthew Pope, pro se.

Kathy Jane Erickson, Mckinney, TX, for Candice Ardelle Pope.

Candice Pope, pro se.

Before Justices O'NEILL, MARTIN RICHTER, and FRANCIS.

## OPINION

Opinion by Justice MARTIN RICHTER.

Appellant Matthew R. Pope appeals from a final decree of divorce and the subsequent denial of his motion for new trial. In one issue, appellant argues the trial court abused its discretion by denying his motion for new trial. For the reasons set forth herein, we affirm the trial court's judgment.

## BACKGROUND

Matthew R. Pope (Father) and Candice Ardelle Pope (Mother) were married and had two children, FP and JP. On April 21, 2010, Father filed for divorce. On April 26, 2010, Mother filed a counter-petition for divorce. On September 30, 2010, the case was noticed for trial. Trial was scheduled to begin on December 8, 2010. On December 8, 2010, the trial court was unable to reach this case due to a heavy docket so the trial was rescheduled for March 23, 2011. On February 24, 2011, Father fired his attorney. Father's attorney filed a motion to withdraw the same day, and on February 25, 2011, the motion to withdraw was granted.

On March 22, 2011, the day before trial, Father filed a motion for a continuance. The trial court denied Father's motion for continuance on March 23, 2011, and the case proceeded to trial. At trial, the only issues in controversy were conservatorship, possession, and access to the children. Father represented himself at trial.

The trial court signed its final decree of divorce on March 25, 2011, appointing Mother as sole managing conservator with the right to designate the primary residence of the children. Father was appointed possessory conservator of the children with supervised visitation until both children are six years of age.

On April 11, 2011, Father filed a motion for new trial, arguing that the trial court abused its discretion by denying Father's motion for continuance. Father complained he needed additional time to hire a new attorney and conduct discovery. Mother filed a response, arguing the trial court should deny Father's motion for new trial because the trial court did not abuse its discretion in denying a motion for continuance filed the day before trial. Mother also asserted the motion should be denied because there was no newly discovered evidence that had come to Father's knowledge since the trial.

On May 20, 2011, the trial court conducted a hearing on Father's motion for new trial. At the hearing, Father testified and attempted to introduce various documents into evidence. At the conclusion of the hearing, the trial court denied Father's motion for new trial. Father filed his notice of appeal, asserting the trial court erred in denying his motion for new trial.

## DISCUSSION

### Applicable Law

Rule 320 of the Texas Rules of Civil Procedure provides, in part, that: "[n]ew trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct." TEX.R. CIV. P. 320. When a motion for new trial is filed by a party, the motion must be in such form

that each objection can be clearly identified and understood by the trial court. TEX.R. CIV. P. 321. To obtain a new trial based upon newly discovered evidence, a movant must show: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is not cumulative; and (4) that it is so material that it would probably produce a different result if a new trial were granted. *Strong v. Strong*, 350 S.W.3d 759, 771 (Tex.App.-Dallas 2011, pet. denied). "A movant's mere allegations will not suffice to obtain a new trial on the basis of newly discovered evidence; rather, admissible evidence must be introduced at a hearing on the motion for new trial establishing such essential facts as no prior knowledge on the part of the movant, the prior diligence exercised by the movant, and the nature of the newly discovered evidence." *Id.* at 772, citing *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757 (Tex.App.-Amarillo 1995, writ denied).

■ Whether to grant or deny a motion for new trial is generally a matter addressed to the broad discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of that discretion. *Strong*, 350 S.W.3d at 772; *Ricks v. Ricks*, 169 S.W.3d 523, 526 (Tex.App.-Dallas 2005, no pet.). Under this standard, we may not overrule the trial court's decision unless the trial court acted in an arbitrary or unreasonable manner, without reference to guiding rules or principles. *Hinkle v. Hinkle*, 223 S.W.3d 773, 783 (Tex.App.-Dallas 2007, no pet.). Generally, there is no abuse of discretion when there is some evidence to support the trial court's decision. *Id.*

### Motion for Continuance

Father complains that the trial court abused its discretion by denying his mo-

tion for a continuance and a new trial should be granted. In his motion for continuance, Father advised the trial court that he had recently released his attorney. He asserted he needed additional time to hire a new attorney and for his new attorney to become familiar with the case.

■ Absence of counsel alone is not good cause for a continuance. TEX.R. CIV. P. 253. When the basis for the motion for continuance is the withdrawal of counsel, the movant must show that the failure to be represented at trial was not due to his own fault or negligence. *See State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984); *see also Ayati–Ghaffari v. H–Ebrahimi*, 109 S.W.3d 915, 916 (Tex.App.-Dallas 2003, no pet.). We review a trial court's denial of a motion for continuance for abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). Unless the record shows a clear abuse of discretion, we will not reverse a trial court's decision. *Id.*

■ Father was represented by counsel for approximately ten months. The trial was originally scheduled to begin on December 8, 2010; however, due to a heavy docket, the trial court did not reach this case and rescheduled the trial for March 23, 2011. Father fired his attorney on February 24, 2011, one month before trial. The motion for withdrawal of counsel notified Father that the final trial was scheduled for March 23, 2011. Based on the record presented, we cannot conclude that Father's failure to secure counsel was not the result of his own fault or negligence. *See Waste Water, Inc. v. Alpha Finishing & Developing Corp.*, 874 S.W.2d 940, 943 (Tex.App.-Houston [14th Dist.] 1994, no writ) ("It is the movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending a suit, that determines whether good cause exists for granting a continuance."). We conclude the trial court did not abuse its

discretion in denying the continuance and proceeding with the trial.

### Erroneous Admission of Evidence

Father contends the trial court abused its discretion in denying his motion for new trial based on the erroneous admission of evidence at the trial, specifically the testimony of Jamie Specht, an investigator with the State of Texas Department of Family and Protective Services. Specht investigated a case involving F.P. and J.P., the children involved in the divorce proceedings before the trial court. Father argues that Specht's "expert opinion" was "without foundation, and based on bias and incomplete information." Father complains that because he was forced to go to trial pro se, he was confronted with testimony that he was not prepared to impeach. Notwithstanding his complaint of lack of preparation, the record reflects that Father cross-examined Specht extensively during the trial.

Prior to Specht's testimony at trial, Father objected that Specht had no jurisdiction and if he were to be investigated, it should have been by the appropriate investigator in the state in which the alleged event took place (referring to an alleged sexual misconduct outcry made against Father by Trinity, Mother's daughter by a prior marriage, which alleged misconduct took place in Nevada). The trial court acknowledged Father's objection and explained that his objection was to the credibility of Specht's testimony and not the admissibility; therefore, Specht would be allowed to testify as to her own opinion. Recognizing this court's obligation to construe the rules of appellate procedure "reasonably yet liberally," Father's argument that the trial court should not have allowed Specht to testify is entirely unsupported by appropriate citations to authorities and to the record. *See Re-*

*public Underwriters Ins. Co. v. Mex–Tex, Inc.,* 150 S.W.3d 423, 427 (Tex.2004) (quoting *Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex.1997)). Our appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex.R. App. P. 38.1(i); *Capstone Healthcare Equipment Servs., Inc. v. Quality Home Health Care, Inc.,* 295 S.W.3d 696, 698–99 (Tex. App.-Dallas 2009, pet. denied); *Burke v. Ins. Auto Auctions Corp.,* 169 S.W.3d 771, 775 (Tex.App.-Dallas 2005, pet. denied). We have no duty to brief Father's issues for him. *See Huey v. Huey,* 200 S.W.3d 851, 854 (Tex.App.-Dallas 2006, no pet.). Failure to cite applicable authority or provide substantive analysis waives an issue on appeal. *Id.* Pro se litigants are held to the same standards as attorneys and must comply with all applicable and mandatory rules of pleading and procedure. *See Valadez v. Avitia,* 238 S.W.3d 843, 845 (Tex. App.-El Paso 2007, no pet.). To apply a different set of rules to pro se litigants would be to give an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978). Because Father offers no legal analysis and fails to cite any authority to support his contention that Specht should not have been allowed to testify, he presents nothing for us to review on this issue.

### Newly Discovered Evidence

Father also contends the trial court abused its discretion in denying his motion for new trial based on newly discovered evidence. However, our review of the record indicates that when asked by the trial court to present his new evidence, Father stated, "I have nothing more than the evidence that I would have been able to present had I been provided with the appropri-

838

ate time to prepare." The trial court ruled that Father's "new evidence" was rejected because all of the evidence was in existence prior to the trial.

■ Father acknowledges that the decision whether to grant a motion for new trial based upon the grounds of new evidence is left to the sound discretion of the trial court. However, in support of his argument that a new trial should have been granted, Father quotes *In re A.G.C.*, 279 S.W.3d 441 (Tex.App.-Houston [14th Dist.] 2009, no pet.), as follows: "in matters relating to child custody, it can be error to refuse to grant a motion for new trial even though the evidence is not newly discovered, when there is an extreme case and the evidence is sufficiently strong." *In re A.G.C.*, 279 S.W.3d at 454. In the case of *In re A.G.C.*, a case in which a father's parental rights were terminated, the court denied father's motion for new trial because the nature of the evidence was not so extreme that the trial court's refusal to hear it constituted an abuse of discretion. *Id.* at 455. Here, Father argues the case before us is an extreme case and the evidence is sufficiently strong to justify a new trial. However, Father fails to provide citation to the record to support his argument that this is an extreme case. Father also fails to show that in this case, the evidence was sufficiently strong to necessitate a new trial.

Father failed to establish that the evidence was discovered since the final judgment hearing, that he exercised due diligence to discover it, and that it is so material that it would probably produce a different result if a new trial were granted. *See Strong*, 350 S.W.3d at 771. Instead, Father freely admits that his "new evidence" existed at the time of trial and could have been presented at trial. Further, Father did not made any showing that if his evidence had been admitted, it would probably produce a different result if a new trial were granted. *Id.* We conclude the trial court did not abuse its discretion in denying Father's motion for new trial. We overrule Father's sole issue.

## CONCLUSION

Having overruled Father's sole issue, we affirm the judgment of the trial court.