# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00274-CV

E. T. and T. T., Appellants

v.

Texas Department of Family and Protective Services, Appellee

FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
NO. 14-0044-CPS4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

E.T. and T.T. appeal the trial court's order terminating their parental rights to their children following a bench trial.[1]  *See* Tex. Fam. Code § 161.001.  They contend that the trial court abused its discretion when it (i) granted their attorney's motion to withdraw "without a proper motion for withdrawal of counsel and notice of hearing on motion for withdrawal of counsel," (ii) terminated their parental rights "without evidence that they had been served with notice of the trial setting," (iii) denied their motions for continuance, and (iv) denied their motion for new trial. For the reasons that follow, we affirm the trial court's order of termination.[2]

---

[1] We use initials to refer to appellants and their children.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.  This case involves the termination of E.T.'s parental rights to the children A.R.(1), A.R.(2), L.T., A.T., K.T., T.L.T., and A.G.T., and the termination of T.T.'s parental rights to L.T., A.T., K.T., T.L.T., and A.G.T.  The parental rights of T.R., the father of A.R.(1) and A.R.(2), were also terminated, but he has not appealed.

[2] The Texas Department of Family and Protective Services offered evidence during the bench trial of appellants' drug abuse, criminal history, involvement with the Department starting in

**DISCUSSION**

*Motion to Withdraw*

   The Department of Family and Protective Services filed its petition against appellants on April 25, 2014. Appellants had retained counsel representing them during the pendency of the case until February 5, 2015. On that date, the trial court granted their attorney's motion to withdraw.[3] In their first issue, appellants contend that the trial court abused its discretion when it granted this motion, arguing that the motion does not comply with Texas Rule of Civil Procedure 10 because it does not include appellants' last known address or pending settings and deadlines, *see* Tex. R. Civ. P. 10, and that the record lacks any evidence that they received notice of the hearing.[4]

   "We review the granting of a motion to withdraw for an abuse of discretion." *Sims v. Fitzpatrick*, 288 S.W.3d 93, 100 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Gillie v. Boulas*, 65 S.W.3d 219, 221 (Tex. App.—Dallas 2001, pet. denied)). "A court abuses its discretion

---

2009, and failure to comply with court-ordered services. The Department also offered evidence concerning the children's current placement and the Department's plans for the children if appellants' parental rights were terminated. Appellants do not challenge the sufficiency of the evidence to support the trial court's findings by clear and convincing evidence that the termination of appellants' parental rights was in the best interest of the children and that appellants had engaged in conduct that satisfied one or more statutory grounds for termination. *See* Tex. Fam. Code § 161.001; *In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex. 2002) (describing clear and convincing evidence and sufficiency review in termination cases). Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not further recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

  [3] In his motion to withdraw, appellants' attorney argued that good cause existed for withdrawal because "there has been a breakdown of communication that prevents proper representation."

  [4] Appellants switch the numbering of their issues in separate parts of their brief. We refer to the issues as set forth in the argument section of appellants' brief.

2

when it grants a motion to withdraw that does not comply with the mandatory requirements of rule 10." *Id.* "However, 'such error may be harmless if the court allows the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial.'" *Id.* (quoting *Boulas*, 65 S.W.3d at 221).

The Department concedes that the attorney's motion to withdraw does not comply with rule 10 because it does not provide appellants' last known address, state whether appellants consented to the motion, or list all pending settings and deadlines. *See* Tex. R. Civ. P. 10. The Department, however, urges that appellants did not preserve their complaint about their attorney's withdrawal for appellate review or establish how they were harmed by their attorney's withdrawal. "As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion." Tex. R. App. P. 33.1(a)(1). Appellants have not cited, and we have not found, anything in the record that would support a finding that they complained to the trial court about their attorney's withdrawal. Thus, they have waived any objection to their attorney's withdrawal on appeal. *See id.*; *see also Evans v. Linares*, No. 14-14-00468-CV, 2015 Tex. App. LEXIS 4126, at *6–7 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, no pet.) (mem. op.) (concluding complaint about trial court's granting motion to withdraw was waived on appeal because it was not raised with trial court).

Further, although appellants argue that the record lacks any evidence that they received notice of the hearing on the motion for withdrawal, the motion that was filed on January 21, 2015, includes a certificate of service in which the attorney certifies that he served a copy of the motion on each party in accordance with the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 21a(e)

3

(noting that certificate by attorney "showing service of a notice shall be prima facie evidence of the fact of service"). In the order granting the motion for withdrawal, the trial court includes appellants' last known address; finds that appellants received a copy of the motion, were notified in writing of their right to object to the motion, and consented to the motion; and orders the attorney to immediately notify appellants of pending settings and deadlines. Thus, the record contains evidence that appellants had notice of the motion and consented to their attorney's withdrawal.[5]

We also conclude that, even if appellants had preserved their complaint about their attorney's withdrawal, they have not shown harm. *See Sims*, 288 S.W.3d at 100. Appellants' attorney withdrew on February 5, 2015, and the trial did not occur until April 13, 2015, giving appellants over two months to secure new counsel. *See Walton v. Canon, Short & Gaston, P.C.*, 23 S.W.3d 143, 148–49 (Tex. App.—El Paso 2000, no pet.) (concluding that fifty-days continuance to secure new counsel was sufficient to render deficiencies in motion to withdraw harmless); *Williams v. Bank One, Tex., N.A.,* 15 S.W.3d 110, 114 (Tex. App.—Waco 1999, no pet.) (concluding that party "was not harmed by any deficiencies in counsel's motion to withdraw" when court gave party additional forty-two days to secure new counsel and prepare for hearing); *see also In re K.S.*, No. 02-14-00073-CV, 2014 Tex. App. LEXIS 8693, at *17–19 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.) (concluding in context of parental-rights termination case that, even if motion to withdraw that was

---

[5] In affidavits attached to amended motions for new trial that appellants filed in June 2015, appellants deny that they received notice of the hearing on their attorney's motion to withdraw. They testify that their attorney informed them in January 2015 that they needed to find a new attorney "because there was nothing he could do for us and referred us to another attorney" and that they received an e-mail from their attorney telling them "that he was going to have to withdraw" but that he would not do so until they found a new lawyer. We address these affidavits in reference to appellants' fourth issue that challenges the trial court's failure to grant them a new trial.

granted within thirty days of trial setting did not comply with rule 10, mother did not show harm); *Anoco Marine Indus., Inc. v. Patton Prod. Corp.*, No. 2-08-073-CV, 2008 Tex. App. LEXIS 6662, at \*5–6 (Tex. App.—Fort Worth Aug. 29, 2008, no pet.) (mem. op.) (concluding error in granting non-compliant motion to withdraw was harmless because thirty-day postponement of trial setting gave party "ample time to retain new counsel").

As part of their first issue, appellants also argue that they were not notified of their right to request court appointed counsel. *See* Tex. Fam. Code § 263.0061 (requiring court to inform unrepresented parents of right to be represented by attorney and, if parent is indigent and opposes termination, right to court-appointed attorney). But appellants appeared with retained counsel throughout the pendency of the case until their attorney withdrew from representing them at the beginning of February 2015. The only permanency hearing after that was on April 9, 2015, and appellants did not personally appear for that hearing. Thus, the trial court did not have an opportunity to inform them of their right to be represented by an attorney or to be appointed counsel if they were indigent. Appellants also did not file an affidavit of indigence. *See* Tex. R. Civ. P. 145 (describing requirements for affidavit on indigency). We overrule appellants' first issue.

*Notice of Trial Setting*

In their second issue, appellants argue that the trial court abused its discretion when it terminated their parental rights "without evidence that they had been served with notice of the trial setting." The record, however, refutes appellants' position.

The record reflects that appellants and their attorney were present at the permanency hearing on January 7, 2015, and, at that hearing, the trial court notified the parties that the next

permanency hearing was scheduled for April 9, 2015, the trial was set for April 13, 2015, with a pre-trial hearing on April 9, 2015, and the dismissal date was April 27, 2015. *See* Tex. Fam. Code § 263.306 (including, among required procedures at permanency hearings, that court give notice in open court to all parties of dismissal date, date of next permanency hearing, and date of trial setting); *see also* Tex. R. Civ. P. 245 (generally requiring 45-days notice of trial setting); *Salas v. Chris Christensen Sys., Inc.*, No. 10-11-00107-CV, 2011 Tex. App. LEXIS 7530, at *41–42 (Tex. App.—Waco Sept. 14, 2011, no pet.) (mem. op.) (concluding that notice of trial setting in "open court" was sufficient). Appellants "approved" the January 2015 permanency order "as to form and content" by signing the order, and the record reflects that a copy of the order along with notice of the trial setting and the next permanency hearing was mailed to appellants, as well as to their attorney. Further, appellants filed motions for continuance on April 9, 2015, in which they unequivocally state "April 13, 2015," as the date that the case was set for trial. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (discussing judicial admissions). At the beginning of the trial, the attorney for the Department also advised the trial court of "the Department's efforts to remind the parents about court today and the necessity for them being here today." Thus, the record reflects that appellants had actual notice and that they were served with notice of the trial setting. We overrule appellants' second issue.

*Motions for Continuance*

In their third issue, appellants argue that the trial court abused its discretion when it did not grant their motions for continuance. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (reviewing trial court's denial of motion for continuance for abuse of discretion

6

and describing abuse of discretion standard of review); *Aduli v. Aduli*, 368 S.W.3d 805, 818 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (same). As stated above, appellants filed motions for continuance on April 9, 2015, on the ground that they needed "additional time to retain a lawyer."

For purposes of this appeal, a continuance may not be granted "except for sufficient cause supported by affidavit." Tex. R. Civ. P. 251. "Absence of counsel alone is not good cause for a continuance." *In re J.P.*, 365 S.W.3d 833, 836 (Tex. App.—Dallas 2012, no pet.) (citing Tex. R. Civ. P. 253). When the ground for the continuance is the absence of counsel, "courts have required a showing that the failure to be represented at trial was not due to the party's own fault or negligence." *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984). "Generally, when movants fail to comply with Tex. R. Civ. P. 251's requirement that the motion for continuance be 'supported by affidavit,' we presume that the trial court did not abuse its discretion in denying the motion." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). "It would be unrealistic, however, to apply the presumption to lay movants whose attorneys, over their objection, have been given leave to withdraw." *Id.*

Here, appellants filed their motions for continuance on April 9, 2015, the day of the pre-trial hearing, but they did not attend the pre-trial hearing, present their motions for continuance to the trial court, or otherwise object to their attorney's withdrawal.[6] Thus, they have not preserved this issue for appeal. *See* Tex. R. App. P. 33.1(a)(1). Further, even if they had preserved this issue, we would not conclude that the trial court abused its discretion by not granting a continuance. In

---

[6] In their brief, appellants recognize that their motions for continuance "may have never been seen by the Court" and that the "motion[s were] never set to be heard."

7

their motions, appellants' stated reason for continuance was "[f]or additional time to retain a lawyer," but they did not provide any further explanation, either in the motions or by affidavit. Thus, they did not present facts that would support findings as to their efforts to retain new counsel or their lack of fault or negligence for the delay in securing new counsel. *See Crank*, 666 S.W.2d at 94; *see also In re S.L.L.*, No. 09-09-00429-CV, 2011 Tex. App. LEXIS 2367, at *2–3 (Tex. App.—Beaumont Mar. 31, 2011, pet. denied) (mem. op.) (concluding that trial court did not abuse discretion in denying pro se motion for continuance to obtain attorney that was not supported by affidavit and filed two days before hearing and noting that there was no statement of efforts made to obtain counsel and that trial court "could reasonably conclude that [party] did not carry her burden of showing that the delay in obtaining counsel was not her fault"). They also failed to state in their motions how much additional time they were requesting or acknowledge the dismissal deadline of April 27, 2015, approximately two weeks after the trial setting. *See* Tex. Fam. Code § 263.401(a) (generally requiring dismissal of suit affecting parent-child relationship filed by Department that requests termination of parental rights after one year from date trial court rendered temporary order appointing Department as temporary managing conservator). For these reasons, we overrule appellants' third issue.

*Motion for New Trial*

Appellants' motion for new trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c) (requiring written order on motion for new trial within seventy-five days after judgment signed or motion "shall be considered overruled by operation of law"). In their fourth issue, appellants argue that the trial court abused its discretion when it did not grant their motion for new trial. *See*

8

*Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (reviewing trial court's denial of motion for new trial for abuse of discretion).

Appellants filed a motion for new trial on May 12, 2015, contending that their "failure to appear was not intentional or the result of conscious indifference," that they had "a meritorious defense," and that "granting a new trial would not delay or injure" the Department.[7] *See id.* (noting that trial court abuses discretion if it fails to grant new trial "[w]hen a defaulting party moving for new trial meets all three elements of the *Craddock* test"); *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) (listing elements for setting aside default judgment). Appellants also filed an amended motion for new trial on June 24, 2015, that was substantially the same as their prior motion but that was supported by affidavits. *See Director, State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (discussing form of evidence that is required to satisfy *Craddock* elements in context of motion for new trial).

Appellants focus on their efforts as pro se litigants and testimony in the affidavits that they filed in support of their amended motion for new trial that they contend support the *Craddock* elements. *See Lerma*, 288 S.W.3d at 925 (discussing *Craddock* elements); *Craddock*, 133 S.W.2d at 126. In their affidavits that were filed with their amended motion, appellants testify that they thought that the trial court would consider their motion for continuance without requiring their presence, that they had been unable to retain an attorney or attend the trial for financial reasons, and that they "would have tried to work something out" if they had known that they needed to be present. Appellants also focus on their due process rights as parents facing the termination of their

---

[7] At this point in the proceedings, appellants had retained new counsel.

relationship with their children. *See In re K.M.L.*, 443 S.W.3d 101, 119–20 (Tex. 2014) (concluding that trial court erred in not granting motion for new trial because pro se parent's due process rights were violated when parent was not served with actual notice of trial setting and discussing standard for reviewing pro se litigant's actions that turned on litigant's state of mind).

We, however, hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam); *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (explaining that pro se litigants are subject to same procedural rules "or else they would be given an unfair advantage over litigants represented by counsel").

A motion for new trial must be filed within thirty days after the judgment is signed. Tex. R. Civ. P. 329b(a). A motion for new trial following a default judgment that is based on the *Craddock* elements also must contain affidavits or other competent evidence to support factual assertions that are outside the record. *See id.* R. 324(b)(1); *Holt Atheron Indus., Inc. v. Heine*, 835 S.W.2d 80, 82–83 (Tex. 1992) (concluding that trial court did not abuse discretion in denying motion for new trial because no factual support for "conclusory allegations" of mistake or accident to support first element of *Craddock*); *2008 Mercedes-Benz CLS550 v. State*, No. 12-12-00285-CV, 2014 Tex. App. LEXIS 3491, at *5–6 (Tex. App.—Tyler Mar. 31, 2014, no pet.) (mem. op.) (concluding that trial court did not abuse discretion in denying motion for new trial because assertions about meritorious defense "not supported by any evidence"); *Henderson v. Henderson*, No. 03-10-00531-CV, 2011 Tex. App. LEXIS 5457, at *10–11 (Tex. App.—Austin July 13, 2011, pet. struck) (mem. op.) (concluding that trial court would not have abused discretion by allowing

motion for new trial to be overruled by operation of law because "absence of supporting evidence [to establish lack of notice] is fatal"). If the motion for new trial fails to contain affidavits or other competent evidence to support factual assertions that are outside the record, a trial court does not abuse its discretion by denying the motion. *See 2008 Mercedes-Benz CLS550*, 2014 Tex. App. LEXIS 3491, at \*5–6; *Henderson*, 2011 Tex. App. LEXIS 5457, at \*10–11.

Appellants' motion for new trial was filed within thirty days after the judgment was signed and, therefore, was timely. *See* Tex. R. Civ. P. 329b(a). In the motion, appellants recited the *Craddock* elements, but the factual assertions in the motion were conclusory and not supported by affidavits or other competent evidence. Thus, the trial court would not have abused its discretion by overruling the motion. *See Heine*, 835 S.W.2d at 82–83; *2008 Mercedes-Benz CLS550*, 2014 Tex. App. LEXIS 3491, at \*5–6; *Henderson*, 2011 Tex. App. LEXIS 5457, at \*10–11.

As to appellants' amended motion for new trial, it was filed on June 25, 2015, and, therefore, was not timely. *See* Tex. R. Civ. P. 329b(b) (limiting time for filing amended motion for new trial); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003); *Henderson*, 2011 Tex. App. LEXIS 5457, at \*11–12. Although a trial court has inherent power to consider and grant an untimely motion for new trial before its plenary power expires, it does not abuse its discretion if it does not consider the contents of an untimely motion. *See Moritz*, 121 S.W.3d at 720 (concluding that purpose of untimely motion for new trial "was to guide the trial court in the exercise of its inherent authority" to grant new trial before plenary power has expired but that untimely motion is "nullity for purposes of preserving issues for appellate review"); *Henderson*, 2011 Tex. App. LEXIS 5457, at \*11–13 (concluding that trial court would not have abused discretion by not considering contents of untimely

11

supplemental and amended motions for new trial).  Thus, because appellants' amended motion was not timely, the trial court did not abuse its discretion when it did not grant it.  We overrule appellants' fourth issue.

## CONCLUSION

Having overruled appellants' issues, we affirm the trial court's order of termination.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   September 29, 2015