**Affirmed and Opinion Filed June 14, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00508-CV**

**IN THE INTEREST OF T.A. AND E.A., CHILDREN**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-14659**

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

In this divorce suit, a pro se father brings four issues challenging the denial of a continuance, the allowance of a child custody evaluation that he alleges to be one-sided, and an allegedly excessive award of back child support. We affirm the trial court's judgment.

## BACKGROUND

In 2014, Mother petitioned for divorce from Father and asked the trial court to determine custody of the couple's two children, T.A. and E.A. In late 2019, after years of minimal legal activity by the parties, the trial court took steps to move the case forward. First, it entered temporary orders that, among other things, ordered Father to pay mother $1,084.32 in child support per month. Second, in September

2019, it ordered an updated child custody evaluation by Dr. Donna Milburn, which was submitted to the court in December 2019. Third, in December 2019, the divorce case was set for dismissal for want of prosecution unless the parties appeared on February 20, 2020. The trial court's notice warned the parties, "This case will be dismissed for want of prosecution in accordance with Rule 165a Texas Rules of Civil Procedure, if the Petitioner or Counter-Petitioner fails to appear at trial. If a party fails to appear for trial a default judgment may be entered against that party." The notice further warned, "Parties not ready for trial should file a Motion for Continuance." No motion for continuance appears in the record.

On February 20, 2020, the case went to trial, but Father did not appear. Mother moved for a default judgment, which was granted. The default judgment awarded Mother sole managing conservatorship and awarded Father possessory conservatorship. The judgment also awarded Mother $8,755.88 to account for Father's child support arrearages. Father appealed.

## DISCUSSION

In his first and fourth issues, Father complains that the trial court erred by denying a continuance of the February 20, 2020 trial setting. Father claims he was unable to attend because he was in drug rehabilitation at Dr. Milburn's recommendation. However, he failed to move for a continuance. A trial court may not grant a continuance except on "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. Further, as a

–2–

prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion and that the trial court (1) ruled on the request, objection, or motion, either expressly or impliedly, or (2) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a). Here, Father did not move for a continuance below and, therefore, this issue is not preserved for our review.

In his second issue, Father asserts that the trial court's award of back child support was much larger than his income warranted. Father's sole factual support for this argument comes in the form of a document that was attached to his brief and not included in the record—namely, a summary that purports to tabulate Father's income. An appellate court cannot consider documents that are attached to a brief as appendices if they are not formally included in the record on appeal. *In re J.K.F.*, 345 S.W.3d 706, 710 (Tex. App.—Dallas 2011, no pet.); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied). We, therefore, do not consider the documents attached to his appellate brief.

Moreover, Father's briefing is inadequate. We hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* Our appellate rules

require an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i); *In re J.P.*, 365 S.W.3d 833, 837 (Tex. App.—Dallas 2012, no pet.). When a party fails to adequately brief a complaint, he waives the issue on appeal. *Washington*, 362 S.W.3d at 854–55.

Here, Father does not explain how the child support award was miscalculated. Rather, in a single paragraph of argument, he generally asserts that the child award was "much larger . . . [t]han the facts dictated," without elaboration. Father also cites no legal authority to support his argument except an 1889 case from the Wisconsin Supreme Court that concerned alimony, not child support. Father's second issue fails the minimal requirements of Rule 38.1, and we deem it inadequately briefed. Regardless, even if Father had adequately briefed the issue, his sole argument appears to be that the summary of income that he attached to his brief shows that the trial court incorrectly estimated his income. This does not show reversible error. *See In re R.M.H.*, No. 05-13-01426-CV, 2014 WL 5581042, at *3 (Tex. App.—Dallas Nov. 4, 2014, no pet.) (mem. op.) (rejecting a claim concerning miscalculated child support because "[n]one of appellant's assertions concerning her and appellee's income and assets are supported by the record, and the document attached to appellant's brief is not part of the record"). We overrule Father's second issue.

In his third issue, Father asserts that he was denied the right to participate in Dr. Milburn's updated custody evaluation because he could not afford to pay the

–4–

$1,000 fee that she charged. Father insists that since he had no input in Dr. Milburn's report, it was error for the trial court to rely on the report.

The factual premise of this argument—that Dr. Milburn refused to allow Father to participate in the evaluation—is rebutted by the evaluation itself. In the evaluation, Dr. Milburn reported that Father was made aware of the court order to update the evaluation and was copied on various email exchanges inviting him to participate in the evaluation process, but Father never contacted Dr. Milburn in the months that the updated evaluation was being compiled. Regardless, Father never objected to the evaluation in the trial court, and thus any objection to the report is now waived. *See* TEX. R. APP. P. 33.1(a). Accordingly, we overrule Father's third issue for lack of preservation.

## CONCLUSION

Because Father's various challenges to the judgment are either unpreserved or inadequately briefed, we overrule his issues on appeal and affirm the trial court's judgment.

200508f.p05

_/Robbie Partida-Kipness//_
ROBBIE PARTIDA-KIPNESS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF T.A. AND
E.A., CHILDREN

No. 05-20-00508-CV

On Appeal from the 254th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-14-14659.
Opinion delivered by Justice Partida-
Kipness. Justices Schenck and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LORI ANDERSON recover her costs of this appeal from appellant DARRICK ANDERSON.

Judgment entered this 14th day of June 2022.